QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice* forthcoming)
alexspiro@quinnemanuel.com
51 Madison Ave 22nd floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
Aubrey L. Jones (Bar No. 326793)
aubreyjones@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Elon Musk,  X HOLDINGS I, INC.,
and X HOLDINGS II, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HERESNIAK, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>ELON R. MUSK, X HOLDINGS I, INC., X HOLDINGS II, INC., and TWITTER, INC.,<br><br>                Defendant. | CASE NO. 3:22-CV-03074-CRB (SK)<br><br>**DEFENDANTS ELON MUSK, X HOLDINGS I, INC. AND X HOLDINGS II, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE AND COORDINATE DISCOVERY**<br><br>Judge:      Hon. Sallie Kim<br>Courtroom:  C, 15th Floor |

**PRELIMINARY STATEMENT**

Plaintiff seeks—without credible justification—overbroad and disruptive discovery from Defendants Elon Musk, X Holdings I, Inc., X Holdings II, Inc. ("Musk Defendants"), and Twitter, Inc. before the scheduled deadline to file motions to dismiss and before the Rule 26 conference has been conducted.  Defendants are currently engaged in a complex and compressed action in Delaware Chancery Court over Mr. Musk's prospective buy-out of Twitter, with discovery set to close in September and an expedited trial set to begin on October 17 (*Twitter, Inc. v. Musk, et al*., C.A. No. 2022-0613 KSJM ("Delaware Action")).

In an effort to inject himself into the Delaware Action, Plaintiff filed a slap-dash complaint that is unlikely to survive pleading motions, and now seeks premature discovery in a transparent fishing expedition.  Plaintiff asks that the Court order Defendants to produce ***all discovery exchanged*** and permit him to participate in ***all depositions*** in the Delaware Action. (Dkt. 26; Declaration of Joseph Sarles ("Sarles Decl.") ⁋ 2, Ex. 2.)  To justify his extraordinary and burdensome request, Plaintiff claims he needs this discovery in order to prepare a potential motion for a preliminary injunction or declaratory judgment before the trial concludes in the Delaware Action or the merger closes. (Dkt. 26 at 2.)

Plaintiff's explanation and sudden claim of urgency are contradicted by the record and his counsel's admissions in this case.  Plaintiff has not sought an injunction or emergency relief in the three months since he filed this case.  He is not seeking to block the merger or to obtain any interim relief that will not be available at the conclusion of the Delaware Action—to the contrary, his pleaded theory is that he has been damaged by the decline in Twitter's stock price following Mr. Musk's announcement that the merger was temporarily on hold.  In fact, Plaintiff has conceded this entire dispute is not even ripe yet, because he will not even know what type of declaratory judgment or injunction he will seek until ***after*** the Delaware Action is resolved. (Sarles Decl. ⁋ 2.)  Plaintiff's request for a declaratory judgment or equitable relief is contingent on the outcome of the Delaware trial and may even be moot if Twitter prevails.  (*Id.*)  And as Plaintiff's motion makes clear, he will not suffer any irreparable harm if he is not permitted to conduct discovery before the Delaware Action concludes.  (Dkt. 26 at 9.)

1    There is no good cause to grant Plaintiff's request for expedited and coordinated discovery.

2    In the absence of urgency, threat of irreparable harm, or even an explanation of what kind of

3    injunctive relief he intends to seek, Plaintiff's motion is nothing more than a request to ride along

4    on another case's truncated schedule, unbounded by Rule 26's relevance and proportionality

5    requirements.  Plaintiff has not even identified any particular witness he must depose or category

6    of documents he needs to review.  Nor has Plaintiff demonstrated that his lawsuit can survive a

7    motion to dismiss, which suggests that the real purpose of this motion is to go in search of a viable

8    case theory.  On top of all that, Plaintiff's proposal that he participate in the Delaware Action will

9    create an unnecessary distraction and disruptive side show to Defendants as they race to complete

10   discovery and prepare for trial in less than two months.  This is the kind of request that the good

11   cause analysis is designed to prevent.  It should be denied.

12                                            **BACKGROUND**

13   **Plaintiff files this lawsuit; does not seek a preliminary injunction or any interim**

14   **relief.**  Three months ago, on May 25, 2022, Plaintiff, a purported Twitter shareholder, filed this

15   lawsuit.  (Dkt. 1.)  Plaintiff did not file a motion for preliminary injunction or seek any emergency

16   or interim relief.  Plaintiff did not even serve the Defendants with his Complaint and Summons in

17   the month after he filed this lawsuit.  (*See generally,* Dkt.)  Instead, Plaintiff filed the FAC on July

18   1, 2022; the parties agreed to a September 9, 2022 deadline to file motions to dismiss and for the

19   motions to be heard on November 21, 2022.  (Dkt. 20.)

20   The FAC asserts three causes of action for aiding and abetting a breach of fiduciary duty,

21   unjust enrichment, and a declaration of the parties' rights under the purported merger agreement

22   between the Defendants.  (FAC ¶¶ 155-69.)  The merger agreement contains a mandatory forum

23   selection clause requiring that any action relating to the agreement be brought in Delaware and

24   Twitter's bylaws mandate that "any action asserting a claim of breach of a fiduciary duty owed by

25   any director" likewise be brought in Delaware.  (Sarles Decl. Ex. 3, at Art. VIII.)

26   Plaintiff's claim against the Musk Defendants for aiding and abetting a breach of fiduciary

27   duty alleges that two of the eleven directors on Twitter's Board of Directors—not the Board as a

28   whole or even a majority—breached various duties to Twitter in connection with the merger

process.  (FAC ¶¶ 155-62.) The FAC does not allege that the two directors at issue, Egon Durban and Jack Dorsey, dominated or even influenced the rest of the Board's unanimous decision to approve the merger agreement.  The FAC does not plead any facts to allege that the Musk Defendants created or exploited any breach of fiduciary duty.  The FAC does not allege that the Musk Defendants agreed to any side deals with the Board in connection with the merger agreement (the only allegation of any additional transaction is that *after* the execution of the merger agreement, Dorsey and Mr. Musk discussed the possibility that Dorsey might continue to hold equity in the surviving corporation).  (*Id.* ¶ 85.)  Nor does the FAC allege that Board negotiated an unfair price for the merger.

To the contrary, despite being pleaded solely as a direct suit, Plaintiff is not challenging the merger agreement but rather suing to *enforce* it on Twitter's behalf.  (FAC ¶¶ 163-65; Dkt. 26 at 9.)  Plaintiff does not plead damages beyond the diminution in Twitter's stock price allegedly caused by Mr. Musk's post-April 25 statements. (FAC ¶¶ 133-35;140-41.) In his second cause of action, he seeks vague and unspecified declaratory and injunctive relief the scope of which, his counsel admits, is contingent on the outcome in Delaware.  (*Id.* at ¶¶ 163-65; Sarles Decl. ¶ 2.)

Plaintiff's third cause of action for unjust enrichment appears to arise from Mr. Musk's alleged violations of federal securities laws and regulations, principally an alleged failure to timely disclose his purchase of Twitter stock on Form 13D.  (FAC ¶¶ 46-52, 62-63, 166-69.)

**Plaintiff attempts to insert himself into the Delaware Action.**  On July 12, 2022, Twitter sued the Musk Defendants in Delaware Chancery Court for specific performance of the merger agreement; the Musk Defendants answered and filed counterclaims.  On July 19, the Chancery Court expedited the Delaware Action, setting trial for October 17 and the close of fact discovery for September 12.  Meanwhile, in this case, the Court set the Case Management Conference for September 30 and ordered the parties to submit a joint Case Management Statement by September 14.  (Dkt. 24.)

In late July—after expedited discovery was ordered in the Delaware Action—Plaintiff began demanding that the parties expedite and "coordinate" discovery with the Delaware Action. Specifically, Plaintiff requested that the Defendants provide him with all discovery produced and

allow him to participate in all depositions in the Delaware Action.  (Sarles Decl. ¶ 2.)  When asked to justify this extraordinary and burdensome request, counsel claimed that Plaintiff needed the discovery to prepare a motion for preliminary injunction or declaratory judgment.  (*Id.*; Sarles Ex. 1.)  When pressed to identify the specific declaration or injunction he sought, Plaintiff's counsel admitted that Plaintiff **did not yet know** and that any request **would be contingent on the outcome of the Delaware Action**.  (Sarles Decl. ¶ 2.)  Any motion for an injunction or declaratory judgment would likely be mooted if Twitter succeeded in the Delaware Action, but Plaintiff could still seek some unspecified remedy should Mr. Musk prevail in Delaware or the Defendants reach some negotiated resolution.  (*See id.*)  Plaintiff is not contemplating bringing any injunction to block the potential merger: neither the FAC, Plaintiff's Motion to Expedite Discovery, nor Plaintiff counsel make any reference to such relief.  (*Id.* at ¶ 5; Dkt. 7, 26.)

On August 10, before the parties conducted a Rule 26(f) conference, Plaintiff served his First Requests for Production.  (Sarles Ex. 2.)  The RFPs seek "all Discovery produced…by any party or third party in" the Delaware Action, "all transcripts of depositions taken in" the Delaware Action, and "all documents and information" provided to the SEC in connection with acquisition. (*Id.*)  To date, Plaintiff has not identified any specific categories of information or witnesses relevant to his hypothetical motion for declaratory or injunctive relief.  (*Id.* at ¶ 6.)

## ARGUMENT

## I.   THERE IS NO GOOD CAUSE FOR COORDINATED OR EXPEDITED DISCOVERY

Plaintiff seeks an order from the Court permitting him to interfere with the Delaware Action and conduct a burdensome fishing expedition months before the Court hears the Defendants' motions to dismiss his defective FAC and before discovery even formally commences in this action.  There is no good cause to grant this request.  Because the factors courts consider in whether to grant expedited discovery—"(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made," *American LegalNet, Inc. v. Davis*,

673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009) (denying motion for expedited discovery)—weigh

heavily against Plaintiff here, the motion should be denied.

### A.    No Preliminary Injunction Is Pending Nor Will Any Motion For Interim Relief Be Brought Until After the Delaware Action Concludes

At its core, Plaintiff's demand for expedited and coordinated discovery is defective

because Plaintiff has not requested, does not need, and cannot even identify any emergency relief

before the Delaware Action concludes.  Expedited discovery is appropriate only under narrow

circumstances, such as cases "involving a request for a preliminary injunction" to preserve the

status quo.  *American LegalNet, Inc.,* 673 F.Supp.2d at 1066.  This is not one of those cases.

Plaintiff filed this action three months ago yet in all that time has not moved for a preliminary

injunction, defined what interim relief he wants or needs (he will be unable to until *after* the

Delaware Action concludes), or articulated any irreparable harm he will suffer if he is not given

expedited discovery.  *See id.* at 1071 citing *Dimension Data N. Am., Inc. v. NetStar-1, Inc*., 226

F.R.D. 528, 532 (E.D.N.C. 2005) (denying motion where plaintiff did "not made an adequate

showing that it will be irreparably harmed by delaying the broad-based discovery requested until

after the initial conference between the parties pursuant to Rule 26, or at least until a preliminary

injunction determination is pending before the court.").

Plaintiff claims that he needs, on an expedited basis, all the discovery produced and to

participate in every deposition in the Delaware Action to "aid…their anticipated motions for

declaratory or injunctive relief" before trial begins in the Delaware Action on October 17 or the

merger closes on October 24.  (Dkt. 26 at 6.)  But Plaintiff's motion and FAC do not explain what

kind of injunctive or declaratory relief he seeks because it is contingent on the outcome of the

Delaware Action, and at most, he appears to want the same relief that Twitter does.  Thus, Plaintiff

***does not yet know*** and ***will not know*** what relief he will seek until that case is resolved.  (*See*

Sarles Decl. ⁋ 2.)  There is no need to expedite discovery for Plaintiff to prepare a motion for

declaratory or injunctive relief ***before*** conclusion of the Delaware Action because he will not be

able to determine what, if any, relief to seek until ***after*** the Delaware Action ends.  *See Facebook,*

*Inc. v. Various, Inc*., No. C-11-01805-SBA DMR, 2011 WL 2437433, at *3 (N.D. Cal. June 17,

2011) (noting courts do not find good cause for expedited discovery "when presented with a party's mere inclination to file" a motion for interim relief).

Moreover, because Plaintiff does not seek to enjoin or block the merger (he appears to want the opposite) there is no risk of irreparable harm if discovery is not expedited.  The authority Plaintiff cites in support of expedited discovery in the merger context all involve parties seeking to block a transaction from occurring and are thus inapposite. (*See* Dkt. 26 at 6-8 citing *e.g. Payment Logistics Ltd. v. Lighthouse Network, LLC*, No. 18-CV-0786-L-AGS, 2018 WL 3869956, at *3 (S.D. Cal. Aug. 14, 2018) (plaintiff seeking to enjoin merger); *Cnty. of York Emps. Ret. Plan v. Merrill Lynch & Co*., No. CIV.A. 4066-VCN, 2008 WL 4824053, at *8 (Del. Ch. Oct. 28, 2008) (same).)  Plaintiff's motion does not identify any pending act that would alter the existing status quo except for the fact that "the Delaware Action may not achieve the relief sought, or it may result in a negotiated resolution" which may lead to "substantial damages to Twitter's shareholders." (Dkt. 26 at 9.) The potential harm at issue (to the extent there is any at all) is therefore monetary and compensable, not "irreparable." *See e.g.*, *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("monetary injury is not normally considered irreparable").  Plaintiff's failure to identify any irreparable harm is fatal to his motion. *See American LegalNet, Inc.,* 673 F.Supp.2d at 1071 (denying motion for expedited discovery where plaintiff failed to show it would be irreparably harmed by discovery delay).

### B.    Plaintiff's Demands To Obtain All Discovery And Participate In All Depositions In The Delaware Action Are Facially Overbroad

Plaintiff's facially overbroad discovery demands also weigh heavily against his request for expedited discovery.  Courts "may deny a motion for expedited discovery if a moving party seeks discovery that is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of the party's claims." *Assuredpartners of Nevada, LLC v. L/P Ins. Servs*., LLC, No. 321CV00433RCJCLB, 2021 WL 4928458, at *2 (D. Nev. Oct. 21, 2021); *see also Facebook*, 2011 WL 2437433, at *3 ("Plaintiff's discovery requests are so broad as to be implausibly tailored for the sole purposes of…crafting a motion for preliminary injunction.").  Plaintiff's motion and RFPs demand that he receive all discovery exchanged and

participate in all depositions in the Delaware Action. (*See generally* Dkt. 26.)  Plaintiff makes no

effort to limit the categories of information he demands or even identify the witnesses he seeks to

depose, let alone make the threshold showing of relevance required by Rule 26.  (*Id.*)  Plaintiff

therefore seeks in his motion for expedited discovery information he likely would not be entitled

to in the normal course of litigation. *See* Fed. R. Civ. P. 26(b)(1).  This overbreadth is reason alone

to deny Plaintiff's motion.  *See American LegalNet, Inc.,* 673 F.Supp.2d at 1068-69.  The best

Plaintiff can offer is that his overbroad discovery requests are "relevant to Plaintiff's claim for

monetary damages"—that is, to the merits of his claims.  (Dkt. 26 at 6.)  Thus, by his own

admission, granting the motion will "lead to the parties conducting nearly all discovery in an

expedited fashion under the premise of preparing for a preliminary injunction hearing, which is

not the purpose of expedited discovery." *See Palermo v. Underground Sols., Inc*., No. 12CV1223-

WQH BLM, 2012 WL 2106228, at *3 (S.D. Cal. June 11, 2012) (internal quotation omitted).

> **C.      Plaintiff Seeks Expedited Discovery To Conduct An Improper Fishing Expedition Before The Court Considers Defendants' Motions to Dismiss**

Plaintiff seeks expedited discovery for an improper purpose: to conduct early merits

discovery before the FAC is dismissed.  Although Plaintiff claims that the requested discovery is

necessary to seek an injunction and avoid duplication (Dkt. 26 at 7), those explanations do not

stand up to scrutiny.  Plaintiff has not provided the Court with enough information about the

hypothetical injunction to evaluate the purpose of his request, *see Hum. Rts. Watch v. Drug Enf't

Admin*., No. CV152573PSGJPRX, 2015 WL 13648069, at *3 (C.D. Cal. July 10, 2015) (denying

motion where court could only speculate as to the content and purpose of the injunction), authority

supporting his position that avoiding duplication justifies rushed merits discovery, or any

explanation why the parties could not minimize duplication during the normal course of discovery.

Fishing expeditions are not a proper purpose of expedited discovery, *see Citizens for

Quality Educ. San Diego v. San Diego Unified Sch. Dist*., No. 17-CV-1054-BAS-JMA, 2018 WL

1150836, at *2 (S.D. Cal. Mar. 5, 2018), at *5 ("The Court will not countenance a general fishing

expedition into Defendants' documents in the guise of discovery necessary for a preliminary

1  injunction."), especially when conducted to rescue claims that are likely to be dismissed.  As will

2  explained in the forthcoming motion to dismiss, the FAC is fatally defective in multiple respects.

3      First, the FAC fails as a whole because Plaintiff pleaded his suit solely as a direct action

4  even though he asserts claims that are derivative in nature and he does not and cannot meet the

5  pleading requirements of Rule 23.1.  The harm he alleges—diminution of Twitter's stock price

6  (FAC ⁋ 17)—was suffered by the corporation and his injury is a fraction of the overall decline

7  proportionate to the amount of stock he owns.  *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,

8  845 A.2d 1031, 1035 (Del. 2004); *Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008) ("Where all

9  of a corporation's stockholders are harmed and would recover pro rata in proportion with their

10  ownership of the corporation's stock solely because they are stockholders, then the claim is

11  derivative in nature.").  And his claims do not fall under the narrow *Parnes* exception as, among

12  other reasons, he is not challenging the validity of the merger or its price but is seeking to enforce

13  it.  *See Parnes v. Bally Ent. Corp.*, 722 A.2d 1243, 1246 (Del. 1999).

14      The individual claims also fail on their own.  Plaintiff fails to meet the high pleading

15  burden to establish an aiding and abetting claim against a third-party bidder.  *See Morgan v. Cash*,

16  No. CIV.A. 5053-VCS, 2010 WL 2803746, at *8 (Del. Ch. July 16, 2010) ("arm's-length

17  bargaining is privileged and does not, absent actual collusion and facilitation of fiduciary

18  wrongdoing, constitute aiding and abetting.").  The FAC does not plead facts that Mr. Musk

19  participated in the Board's decisions or conspired with it, nor does it allege that Dorsey and Duran

20  dominated or materially influenced the Board.  *See Malpiede v. Townson*, 780 A.2d 1075, 1097–

21  98 (Del. 2001).  Plaintiff's request for declaratory relief is too vague and contingent to be

22  justiciable and he lacks standing to bring it.  *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344

23  U.S. 237, 243–44 (1952) ("The complainant in this case does not request an adjudication that it

24  has a right to do, or to have, anything in particular").  And the claim for unjust enrichment is

25  barred by SLUSA since it appears to arise from alleged violations of federal securities laws, *see*

26  *e.g., Fleming v. Charles Schwab Corp.*, 878 F.3d 1146, 1153 (9th Cir. 2017) ("SLUSA bars

27  jurisdiction over any claim that could give rise to liability under § 10(b) or Rule 10b–5"), and fails

28  to plead the element of "absence of justification" to the extent it is based on the aiding and

1  abetting claim, *Jacobs v. Meghji*, No. CV 2019-1022-MTZ, 2020 WL 5951410, at *14 (Del. Ch.

2  Oct. 8, 2020) ("where a breach of fiduciary duty claim based on the same facts and circumstances

3  fails, the Court often dismisses the corresponding unjust enrichment claim.").  The Court should

4  not permit Plaintiff to use expedited discovery to rescue his shoddy FAC.

5         **D.       Discovery Will Interfere With The Delaware Action And Burden Defendants**

6         Plaintiff's demand to insert himself into the Delaware Action will disrupt and complicate

7  an already complex and hurried litigation, creating an undue burden on all Defendants.  The

8  Delaware Action is a complex dispute over a $44 billion deal on a very short fuse, with discovery

9  closing in a weeks and trial set to begin in less than two months.  Plaintiff's proposal that he be

10  permitted to participate in discovery to explore half-baked legal theories that Defendants have not

11  even had the opportunity to respond to and that are not currently at issue in the Delaware Action

12  has the very real potential to interfere with the delicate schedule and case management in that

13  litigation.  At best, it will be a costly, time-consuming, and unnecessary distraction for the

14  Defendants.

15         So too will Plaintiff's demands that Defendants turn over all discovery produced in the

16  Delaware Action.  Plaintiff claims the burden of responding to his overbroad discovery requests

17  are "so low"[1]  (Dkt. 26 at 7), but this ignores the fact that counsel will still need to review the

18  documents before they are produced, at considerable time and cost.  (Sarles Decl. ¶ 7.)  *See In re*

19  *re Lithium Ion Batteries Antitrust Litig*., No. 13-MD-02420 YGR, 2013 WL 2237887, at *3 (N.D.

20  Cal. May 21, 2013) (request for documents previously produced unduly burdensome because

21  defendants would still have to spend thousands of hours reviewing them before producing to

22  plaintiff).

_____

24  [1]   The cases cited by Plaintiff for the proposition that the burden of producing documents
previously exchanged in parallel cases are "so low" do not state such a rule.  Two of the cases,
25  *Apple Inc.* No. 11-CV-01846-LHK, 2011 WL 1938154, at *2-3 (N.D. Cal. May 18, 2011) and *In*
*re High-Tech Emp. Antitrust Litig.*, 856 F. Supp. 2d 1103, 1113 (N.D. Cal. 2012), do not engage in
26  any analysis regarding the burden of producing documents from other litigation and the third, *In re*
*re Lithium Ion Batteries*, 2013 WL 2237887, at *1, only ordered discovery from parties that made
27  no burden argument at all, *id.* at *3.

1       **E.**     **Plaintiff Seeks Discovery Months Before Any Pleading Motions Will Be Heard**

2       The final factor—timing—weighs against Plaintiff's request.  Because Defendants have

3 not responded to the FAC, the case management conference is more than a month away, the

4 motions to dismiss will not be heard until late November at the earliest, and Defendants will not

5 answer the FAC—if they have to at all—for months, the broad requests have been made

6 sufficiently in advance of the typical discovery process to weigh against expedited discovery.  *See*

7 *Extreme Reach, Inc. v. PriorityWorkforce, Inc.*, No. CV 17-6796 SJO (EX), 2017 WL 10544621,

8 at *3 (C.D. Cal. Oct. 18, 2017) (denying request for expedited discovery made before defendants

9 "even ha[d] the opportunity to file a response to the initial complaint.").

10 **II.**     **DISCOVERY SHOULD BE CONDUCTED AS SCHEDULED UNDER RULE 26**

11       Since Plaintiff has failed to meet his burden for expedited and coordinated discovery, the

12 Court should reject his alternative requests to schedule an early Rule 26(f) conference and compel

13 Defendants to produce all documents responsive to his overbroad RFPs.  (Dkt. 26, at 9-10.)

14 Plaintiff, like all litigants, should remain subject to the Court's scheduling orders and Rule 26's

15 requirements that discovery be limited to matters relevant and proportional to the needs of the

16 case.  *See* Fed. R. Civ. P. 26(b)(1).

17                 **CONCLUSION**

18       For the reasons stated herein, the Musk Defendants respectfully request that the Court deny

19 Plaintiff's motion.

20 DATED:  August 23, 2022           QUINN EMANUEL URQUHART &
                           SULLIVAN, LLP

21

22

23                  By *_/s/ Joseph C. Sarles_*
                       Alex Spiro

24                      Michael T. Lifrak

25                      Joseph C. Sarles
                      Alex Bergjans

26                      Aubrey L. Jones

27                    *Attorneys for Elon Musk,  X HOLDINGS I, INC.,*
                      *and X HOLDINGS II, INC.*

28

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 23rd day of August 2022.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  /s/ Joseph C. Sarles
     Alex Spiro
     Michael T. Lifrak
     Joseph C. Sarles
     Alex Bergjans
     Aubrey L. Jones

     *Attorneys for Elon Musk,  X HOLDINGS I, INC.,*
     *and X HOLDINGS II, INC.*