1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice* forthcoming)

2

alexspiro@quinnemanuel.com
51 Madison Ave 22nd floor

3

New York, NY 10010
Telephone:     (212) 849-7000

4

Facsimile:     (212) 849-7100

5

6

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com

7

Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com

8

Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com

9

Aubrey L. Jones (Bar No. 326793)
aubreyjones@quinnemanuel.com

10

865 S. Figueroa Street, 10th Floor

11

Los Angeles, California 90017
Telephone:     (213) 443-3000

12

Facsimile:     (213) 443-3100

13

*Attorneys for Elon Musk, X HOLDINGS I, INC.,*
*and X HOLDINGS II, INC.*

14

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

18

WILLIAM HERESNIAK, on behalf of
himself and all others similarly situated,

19

20

Plaintiff,

21

vs.

22

ELON R. MUSK, X HOLDINGS I, INC., X
HOLDINGS II, INC., and TWITTER, INC.,

23

24

Defendant.

25

26

27

28

CASE NO. 3:22-CV-03074-CRB (SK)

**DECLARATION OF JOSEPH C. SARLES
IN SUPPORT OF DEFENDANTS ELON
MUSK, X HOLDINGS I, INC. AND X
HOLDINGS II, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXPEDITE
AND COORDINATE DISCOVERY**

Judge:       Hon. Sallie Kim
Courtroom: C, 15th Floor

## <u>DECLARATION OF JOSEPH C. SARLES</u>

I, Joseph C. Sarles, hereby declare as follows:

1.     I am a member of the bar of the State of California and the United States District Court for the Northern District of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Elon Musk, X Holdings I, Inc., and X Holdings II, Inc. ("Musk Defendants")  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     After the Delaware Chancery Court ordered expedited discovery and an expedited trial date in *Twitter, Inc. v. Musk, et al*., C.A. No. 2022-0613 KSJM ("Delaware Action"), Plaintiff's counsel requested that the parties expedite discovery in this case and "coordinate" discovery with the Delaware Action.  Specifically, Plaintiff requested that the Musk Defendants and Defendant Twitter, Inc. produce to him on an expedited basis all information and materials exchanged in the Delaware Action in conjunction with document discovery in that case and permit Plaintiff's counsel to attend and participate in all depositions in the Delaware Action.  A true and correct copy of the August 3-August 9, 2022 meet and confer correspondence between Defendants' counsel and Plaintiff's counsel related to this request is attached hereto as **Exhibit 1**.

3.     On August 10, 2022, before the parties held a Rule 26(f) conference, Plaintiff e-served Defendants with Plaintiff's First Set of Requests for Production of Documents to Defendants Elon Musk, Twitter, Inc., X Holdings I, Inc., and X Holdings II, Inc. ("RFPs") A true and correct copy of the RFPs are attached hereto as **Exhibit 2**.

4.     On August 11, 2022, I attended a telephonic meet and confer with Plaintiff's counsel and counsel for Twitter to discuss Plaintiff's Motion to Coordinate and Expedite Discovery and Plaintiff's proposal to shorten briefing deadlines on his motion.  On the call, Defendants asked Plaintiff's counsel to explain his purported need for expedited and coordinated discovery and to articulate what declaratory or injunctive relief he intended to seek.  Plaintiff's counsel did not identify the specific relief that he would in fact seek but instead stated that there were a number of potential issues that a future motion could involve, depending on the discovery Plaintiff obtained and the outcome of the Delaware Action.

5.      Plaintiff's counsel has not communicated or indicated at any point that Plaintiff may seek to block or enjoin the merger at issue from occurring.

6.      To date, Plaintiff has not identified any specific categories of information, document custodians, or potential witnesses relevant to his hypothetical motion for declaratory or injunctive relief.

7.      Any review of documents from the ongoing discovery process in the Delaware Action for purposes of this action would take a substantial amount of time and expense. Particularly given Plaintiff's uncertain and evolving theories in this case, and the lack of any identified basis for urgency, such an effort at this stage would inevitably result in wasted resources.

8.      Attached hereto as **Exhibit 3** is a true and correct copy of Twitter Inc.'s Bylaws, available at https://www.sec.gov/Archives/edgar/data/1418091/000141809122000029/twtr2021ex32.htm.

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this 23rd day of August 2022, in Los Angeles, California.


By _/s/ Joseph C. Sarles_
        Joseph C. Sarles

DECLARATION OF JOSEPH C. SARLES IN SUPPORT OF OPPOSITION TO MOTION TO EXPEDITE AND COORDINATE DISCOVERY

# EXHIBIT 1

| | |
|---|---|
| **From:** | Joseph Sarles |
| **Sent:** | Wednesday, August 10, 2022 5:29 PM |
| **To:** | Tyson Redenbarger; Frank Bottini; Adam Hakki |
| **Cc:** | Billy Marsh; Aubrey Jones; Mark Molumphy; Patrice Omalley |
| **Subject:** | Re: Heresniak v. Musk et al. - Meet and Confer re Discovery |

I could do 130pm Pacific tomorrow.  In addition to Adam's questions, in order to evaluate plaintiff's proposal, I'd also like to understand what the nature of this anticipated motion for preliminary "declaratory and injunctive relief" is, since that is the asserted basis for the other motion.

**From:** Tyson Redenbarger <TRedenbarger@cpmlegal.com>
**Sent:** Wednesday, August 10, 2022, 5:08 PM
**To:** Frank Bottini <fbottini@bottinilaw.com>; Adam Hakki <Adam.Hakki@shearman.com>
**Cc:** Joseph Sarles <josephsarles@quinnemanuel.com>; Billy Marsh <Billy.Marsh@shearman.com>; Aubrey Jones <aubreyjones@quinnemanuel.com>; Mark Molumphy <MMolumphy@cpmlegal.com>; Patrice Omalley <POmalley@cpmlegal.com>
**Subject:** RE: Heresniak v. Musk et al. - Meet and Confer re Discovery

**[EXTERNAL EMAIL from tredenbarger@cpmlegal.com]**

Tomorrow at 11 or 11:30 AM and also 1:30 PM PST work for CPM as well.

Tyson

**From:** Frank Bottini <fbottini@bottinilaw.com>
**Sent:** Wednesday, August 10, 2022 4:28 PM
**To:** Adam Hakki <Adam.Hakki@shearman.com>
**Cc:** Joseph Sarles <josephsarles@quinnemanuel.com>; Tyson Redenbarger <TRedenbarger@cpmlegal.com>; Billy Marsh <Billy.Marsh@shearman.com>; Aubrey Jones <aubreyjones@quinnemanuel.com>; Mark Molumphy <MMolumphy@cpmlegal.com>; Patrice Omalley <POmalley@cpmlegal.com>
**Subject:** Re: Heresniak v. Musk et al. - Meet and Confer re Discovery

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Yes. What times tomorrow work for you? I am available at 11 or 11:30 AM and also 1:30 PM PST, but have not yet had a chance to get CPM's availability.

Frank A. Bottini

On Aug 10, 2022, at 1:50 PM, Adam Hakki <Adam.Hakki@shearman.com> wrote:

Frank – we request a call to meet and confer on the schedule for the motion you reference in the last sentence below (and do better understand the relief it seeks), as well as a few other related questions we have.  Joseph may have additional points/questions.  Thank you.

Regards,

Adam

---

**From:** Frank Bottini <fbottini@bottinilaw.com>
**Sent:** Tuesday, August 9, 2022 7:10 PM
**To:** Joseph Sarles <josephsarles@quinnemanuel.com>; Adam Hakki <Adam.Hakki@Shearman.com>; Tyson Redenbarger <TRedenbarger@cpmlegal.com>; Billy Marsh <Billy.Marsh@Shearman.com>; Aubrey Jones <aubreyjones@quinnemanuel.com>
**Cc:** Mark Molumphy <MMolumphy@cpmlegal.com>
**Subject:** RE: Heresniak v. Musk et al. - Meet and Confer re Discovery

Joseph, we discussed on our call the fact that Plaintiff needs and is entitled to coordinated/expedited discovery in order to support Plaintiff's anticipated motion for declaratory and injunctive relief.  It is far more efficient for the parties to try to coordinate that document and deposition discovery now than to have to engage in a second round of related discovery and depositions of the same individuals later.

    Since you refuse to agree to coordination and refuse to hold a Rule 26(f) conference now, we intend to seek relief from the Court as to those topics.  Please advise if you consent to an expedited schedule for resolution of that motion.

**Frank A. Bottini, Esq.**
fbottini@bottinilaw.com

BOTTINI & BOTTINI, INC.

7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: 858.914.2001
Fax: 858.914-2002
www.bottinilaw.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Joseph Sarles <josephsarles@quinnemanuel.com>
**Sent:** Friday, August 5, 2022 6:10 PM
**To:** Frank Bottini <fbottini@bottinilaw.com>; Adam Hakki <Adam.Hakki@Shearman.com>; Tyson Redenbarger <TRedenbarger@cpmlegal.com>; Billy Marsh <Billy.Marsh@Shearman.com>; Aubrey Jones <aubreyjones@quinnemanuel.com>
**Cc:** Mark Molumphy <MMolumphy@cpmlegal.com>
**Subject:** Re: Heresniak v. Musk et al. - Meet and Confer re Discovery

Counsel,

Based on your email below and our discussion on Wednesday, it appears the only basis on which plaintiff seeks coordination is his contention that it would be better for defendants.  You have not identified any burden or prejudice you contend plaintiff would suffer absent coordination.  If you believe

there is any, please identify it.  We would also be interested to know your explanation of your client's standing to pursue his claims related to the merger agreement at this time, as well as your explanation of your client's ability to pursue such claims in a court outside of Delaware.  Each defendant's initial view is that the claims against them are subject to dismissal on multiple, threshold grounds, and that as a result there should be no discovery during the pendency of motions to dismiss or, potentially alternatively, that the case should be stayed pending resolution of the Chancery Court proceeding.  Having said that, our clients are prepared to consider in good faith your response to the above questions in considering next steps.

Finally, as discussed on our call, we think the order setting the CMC for September 30 and the CMC statement for September 16 had both the purpose and effect of adjusting the Rule 26(f) schedule as well.  As we said on Wednesday, we are not prepared to hold the Rule 26(f) conference at this time, but will be prepared to do so well in advance of filing the CMC statement, as provided the relevant rules and orders.

Best,

 Joseph Sarles

---

**From:** Frank Bottini <fbottini@bottinilaw.com>
**Sent:** Wednesday, August 3, 2022 1:58:00 PM
**To:** Adam Hakki <Adam.Hakki@Shearman.com>; Joseph Sarles <josephsarles@quinnemanuel.com>; Tyson Redenbarger <TRedenbarger@cpmlegal.com>; Billy Marsh <Billy.Marsh@Shearman.com>; Aubrey Jones <aubreyjones@quinnemanuel.com>
**Cc:** Mark Molumphy <MMolumphy@cpmlegal.com>
**Subject:** RE: Heresniak v. Musk et al. - Meet and Confer re Discovery

**[EXTERNAL EMAIL from fbottini@bottinilaw.com]**

---

Dear Adam, Joe, Billy & Aubrey:  Thank you for taking the time to discuss discovery and case scheduling matters with us yesterday.  As discussed on our call, Plaintiff requests coordination of discovery between our case and the *Twitter v. Musk* action pending in Delaware Chancery Court.  Because discovery and trial has been expedited in that matter, and due to overlapping factual matters and discovery, we believe coordination is desirable and necessary in order to avoid duplicative and/or inconsistent discovery.  As stated on the call, our desire is to promptly coordinate document and deposition discovery so as to avoid any duplication or inconsistent demands to defendants, to the extent possible.  We have also requested that the parties hold a Rule 26(f) call either tomorrow or Friday.  We continue to believe that the Court's orders and rules require that the Rule 26(f) conference be held by August 8, but understand that you believe the deadline is approximately September 1 based on the reassignment.  Regardless of which date is correct, the deadline is merely that – an outer date by which the conference must take place.  Nothing prevents the parties from holding the conference before the last possible date, and again as we emphasized yesterday, given the expedition of discovery and trial ordered in Delaware (at Twitter's request), we do not believe it makes sense to delay discussing coordination until later this month because a significant amount of discovery will probably have already occurred in the Delaware proceeding by then.

   You indicated yesterday that you would promptly get back to us in response to our request to coordinate document discovery and depositions.  Thank you and we look forward to hearing from you, preferably by the end of this week.  As stated, our strong preference is to resolve these issues with Defendants informally, but we intend to seek an order of coordination from the Court if Defendants refuse to agree to any coordination.  We are available for another call to discuss.  Thanks.

**Frank A. Bottini, Esq.**
fbottini@bottinilaw.com

BOTTINI & BOTTINI, INC.

7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: 858.914.2001
Fax: 858.914.2002
www.bottinilaw.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.

| | |
|---|---|
| **From:** | Joseph Sarles |
| **Sent:** | Friday, August 12, 2022 12:24 PM |
| **To:** | Adam Hakki; Tyson Redenbarger; Billy Marsh; Frank Bottini |
| **Cc:** | Aubrey Jones; Mark Molumphy; Patrice Omalley; Daniel Laguardia; Alex Bergjans |
| **Subject:** | RE: Heresniak v. Musk et al. - Meet and Confer re Discovery |

The Musk parties have the same position -- given plaintiff's stated nature and basis for the relief that the underlying motion will seek (among other things, including the complaint's facial deficiencies), we do not agree to an expedited schedule for briefing.

**From:** Adam Hakki <Adam.Hakki@Shearman.com>
**Sent:** Friday, August 12, 2022 11:35 AM
**To:** Tyson Redenbarger <TRedenbarger@cpmlegal.com>; Billy Marsh <Billy.Marsh@Shearman.com>; Joseph Sarles <josephsarles@quinnemanuel.com>; Frank Bottini <fbottini@bottinilaw.com>
**Cc:** Aubrey Jones <aubreyjones@quinnemanuel.com>; Mark Molumphy <MMolumphy@cpmlegal.com>; Patrice Omalley <POmalley@cpmlegal.com>; Daniel Laguardia <Daniel.Laguardia@Shearman.com>
**Subject:** RE: Heresniak v. Musk et al. - Meet and Confer re Discovery

**[EXTERNAL EMAIL from adam.hakki@shearman.com]**

All:  thanks for meeting and conferring yesterday.  Twitter does not consent to a shortened/expedited schedule for Plaintiff's contemplated motion seeking an order coordinating discovery with the Delaware proceeding.

Best,

Adam

This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIAM HERESNIAK**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ELON R. MUSK, X HOLDINGS I, INC., X HOLDING II, INC., and TWITTER, INC.,**<br><br>Defendants, | Case No.: 3:22-CV-03074-CRB<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ELON MUSK, TWITTER, INC., X HOLDINGS I, INC., AND X HOLDINGS II, INC.** |

Plaintiff propounds the following requests for production of documents to Defendants ELON MUSK, TWITTER, INC., X HOLDINGS I, INC., AND X HOLDINGS II, INC. pursuant to Federal Rules of Civil Procedure 26 and 34 and the Court's standing orders, and request that Defendants produce the documents and electronically-stored information requested herein within thirty (30) days of service of these requests.  Production is to be made at the offices of Cotchett, Pitre & McCarthy LLP, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, or otherwise by agreement of the parties.

## I.      DEFINITIONS

1.      "Communication" shall refer to the transmittal of information (in the form of facts, ideas, inquiries, queries, data, or otherwise) by any means of transmission, regardless of whether the transmittal was initiated or received by an individual or a system. Means of transmission include, but are not limited to, face-to-face conversations, postal or other physical mail, email, text message, instant message (such as iMessage, Slack, and Signal), social media messaging platforms (such as Twitter Direct Messages), voicemail, telephone, or facsimile

2.      "Discovery" means all requests for documents or information, interrogatories, notices of depositions, and subpoenas, and all responses thereto, including all versions and

nonidentical drafts of Documents, Communications or any other information exchanged between parties or parties counsel.

3.      "Document" means and is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 26 and 34(a)(1)(A), and includes all versions and nonidentical drafts of documents.

4.      "Defendant," "You," and "Your" mean and refer to ELON MUSK, TWITTER, INC., X HOLDINGS I, INC., AND X HOLDINGS II, INC..

5.      "Person(s)" means any natural person or any business, legal, or governmental entity or association.

## II.      INSTRUCTIONS

1.      These requests and Defendant's responses are governed by all applicable provisions of the Federal Rules of Civil Procedure, the Court's local rules, and the presiding Judge's standing orders and preferences.

2.      The production by one Person, party, or entity of a Document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that Document, even if the two Documents are identical.

3.      Each Document requested herein is requested to be produced in its entirety and without deletion or excisions, regardless of whether Defendant considers the entire Document to be relevant or responsive to the Request. If Defendant redacts any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted.

4.      Any request for production or interrogatory that inquires as to the knowledge, conduct, activities, or materials possessed by any Defendant shall be taken to include the knowledge, conduct, activities, or materials possessed by such Defendant's subsidiaries, parents, affiliates and merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees and other agents of such defendant; and references to the "personnel" of any such defendant shall include such individuals.

5.  For any Document not produced on the basis of privilege, work product, or other protection, identify and describe:

a.      Its date and type (e.g., letter or memorandum);

b.      Its author;

c.      The identity of the addressee and all recipients;

d.      The identity of all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

e.      A description of the subject matter discussed, described, or referred to therein;

f.      The identity of its present custodian(s);

g.      The basis for your claim of privilege or other objection, and;

h.      The facts underlying the basis for your claim any such privilege.

7.      If Defendant asserts an objection to any Request, You must nonetheless respond and produce any responsive Documents that are not subject to the stated objection. If Defendant objects to part of a Request or category, You must specify the portion of the Request to which You object, identify whether Defendant is withholding any documents (in whole or in part) based on that objection, and You must produce Documents responsive to the remaining parts of the Request.

8.      When a request for production or interrogatory asks that a date, an amount, or any other specific information be provided or described, your best approximation of the information requested, and the basis upon which this approximation is founded, is to be given if the precise information required is unknown to you.

9.      If any document requested was, but no longer is, in your possession or subject to Defendant's control, please provide a complete and detailed explanation of all circumstances surrounding the disposition of the document including dates and manner of disposition. (e.g., lost, destroyed, transferred to a third party).

10.     If no Document responsive to a Request exists, please state that no responsive Document exists.

11.     These Requests are continuing and Defendant should supplement its responses and production immediately whenever it acquires additional information and documents pertinent

1    thereto.

2        12.     The headings used herein are not intended to limit or modify any request in any

3    way.

4        13.     If any request relates to a policy or business practice employed, a document

5    transmitted or created, a service or product that existed, or an event that occurred during a specific

6    period of time (the "specific time period," for purposes of this instruction), but which was first

7    conceived, designed, discussed, drafted, tested, implemented, or used before or after that specific

8    time period, please provide responses and documents from outside of the specific time period if

9    they relate to the policy, practice, document, service, or event at issue.

10       14.     For any responsive documents or communications stored in electronic format,

11   including email and text messages, You will produce those Documents or Communications in

12   searchable electronic format (e.g., single page .TIFF format with corresponding Document-level

13   extracted text files and OCR text files, each named by the Bates number assigned to the first page)

14   by secure electronic transmission (e.g. SFTP site) or on CD-ROMs, DVD-ROMs, portable or

15   external hard drives, or other widely-used electronic or optical storage media. All images will be

16   produced as single page .TIFF images, black and white, Group IV and 300 dpi with a Concordance

17   Image (formerly Opticon) style .OPT load file. All color images will be provided in JPEG format

18   where color images are necessary to understand the Document. All Microsoft Excel, PowerPoint,

19   and similar spreadsheet or presentation files will be produced in native format. Furthermore, for all

20   native files that are produced, a corresponding placeholder TIFF image will be produced that bears

21   the same Bates assigned to the native file, has all associated metadata, and indicates that that the

22   "File has been produced in native format." All responsive electronic Documents and

23   Communications will be produced with sufficient metadata to convey where these items begin and

24   end (including attachments), the original file name, and the original timestamps and attributes. All

25   metadata will be provided in a delimited data field (with file extension .DAT), delimited using the

26   Concordance style delimiters, and including the following metadata fields: "BEGBATES",

27   "ENDBATES", "BEGATTACH", "ENDATTACH", "FAMILY-DATE/TIME", "Page Count",

28   "Custodian", "ALL CUSTODIANS", "To", "From", "CC", "BCC", "Subject", "Sent Date/Time",

4

"Author", "Title", "File Name", "File Extension", "Redacted", "TextPath", "NativePath", "MD5HASH", "Received Date/Time", "File Size", and"Confidentiality".

15.     Unless otherwise stated, the relevant time period for purposes of these requests and Your responses is from January 1, 2022 to the present.

### III.     DOCUMENTS REQUESTED

**Request No. 1:**

All Discovery produced, exchanged, or provided by any party or third party in *Twitter, Inc. v. Musk, et al.*, C.A. No. 2022-0613 KSJM, which is currently pending in Delaware Chancery Court.

**Request No. 2:**

Any and all transcripts of depositions taken in the case *Twitter, Inc. v. Musk, et al.*, C.A. No. 2022-0613 KSJM.

**Request No. 3:**

All documents and information provided by YOU to the United States Securities & Exchange Commission in response to any formal or informal request for such documents or information relating in any way to the facts and circumstances surrounding Elon Musk's proposed acquisition of Twitter, Inc.

**Request No. 4:**

All insurance policies that may provide coverage for the claims asserted by Plaintiff.

Dated: August 10, 2022

**COTCHETT, PITRE & MCCARTHY, LLP**

**BOTTINI & BOTTINI, INC.**

*/s/ Tyson C. Redenbarger*

Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Anne Marie Murphy (SBN 202540)
ammurphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Julia Q. Peng (SBN 318396)
jpeng@cpmlegal.com
San Francisco Airport Office Center 840
Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:   (650) 697-6000

*Counsel for Plaintiff William Heresniak*

*/s/ Francis A. Bottini, Jr.*

Francis A. Bottini, Jr. (SBN: 175783)
fbottini@bottinilaw.com
Anne B. Beste (SBN 326881)
abeste@bottinilaw.com
Albert Y. Chang (SBN 296065)
achang@bottinilaw.com
Yury A. Kolesnikov (SBN 271173)
ykolesnikov@bottinilaw.com
Nicholas H. Woltering (SBN 337193)
nwoltering@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California  92037
Telephone: (858) 914-2001

Plaintiff's First Set of Requests for Production of Documents to Defendants

## PROOF OF SERVICE

I am employed in San Mateo County where service of the document(s) referred to below occurred.  I am over the age of 18 and not a party to the within action.  My business address is Cotchett, Pitre, & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame CA 94010.  I am readily familiar with the firm's practices for the service of documents.  On this date, I served or caused to be served a true copy of the following:

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ELON MUSK, TWITTER, INC., X HOLDINGS I, INC., AND X HOLDINGS II, INC.**

✓____BY MAIL: I placed a true copy of the aforementioned document(s) in a sealed envelope with postage fully paid.  I am familiar with this firm's practice of collection and processing of mail for delivery by the United States Postal Service on the same day in the ordinary course of business.

✓____BY E-MAIL: My e-mail address is jacosta@cpmlegal.com and service of this document(s) occurred on the date shown below.  This document is being served electronically and the transmission was reported as complete and without error.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Burlingame, California, on August 10, 2022.

_____
JEANINE H. ACOSTA

Plaintiff's First Set of Requests for Production of Documents to Defendants

1

## SERVICE LIST

| | |
|---|---|
| Alex Spiro<br>Joseph Sarles<br>Michael Lifrak<br>Aubrey Jones<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>213-443-3714 Direct (Aubrey Jones)<br>213-443-3000 Main Office Number<br>213-443-3100 Fax<br>aubreyjones@quinnemanuel.com<br>alexspiro@quinnemanuel.com<br>josephsarles@quinnemanuel.com<br>michaellifrak@quinnemanuel.com | Counsel for Defendants Elon Musk, X<br>HOLDING I, INC., X HOLDING II, INC. |
| Adam Hakki<br>SHEARMAN & STERLING<br>599 Lexington Avenue<br>New York, NY  10022-6069<br>Adam.Hakki@shearman.com<br>212 848 4924<br><br>Billy Marsh<br>SHEARMAN & STERLING<br>2828 North Harwood Street<br>18th floor<br>Dallas, TX  75201<br>Billy.marsh@shearman.com<br>214 271 53488 | Counsel for Defendant Twitter, Inc. |
| Francis A. Bottini, Jr. (SBN: 175783)<br>fbottini@bottinilaw.com<br>Anne B. Beste (SBN 326881)<br>abeste@bottinilaw.com<br>Albert Y. Chang (SBN 296065)<br>achang@bottinilaw.com<br>Yury A. Kolesnikov (SBN 271173)<br>ykolesnikov@bottinilaw.com<br>Nicholas H. Woltering (SBN 337193)<br>nwoltering@bottinilaw.com<br>BOTTINI & BOTTINI. INC.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California 92037<br>Telephone: (858) 914-2001 | Co-Counsel for Plaintiff William Heresniak |

# EXHIBIT 3

EX-3.2 2 twtr2021ex32.htm EX-3.2

Exhibit 3.2

## AMENDED AND RESTATED BYLAWS OF
## TWITTER, INC.

### (as amended on February 14, 2022)

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| ARTICLE I - CORPORATE OFFICES | | 1 |
| 1.1 | REGISTERED OFFICE | 1 |
| 1.2 | OTHER OFFICES | 1 |
| ARTICLE II - MEETINGS OF STOCKHOLDERS | | 1 |
| 2.1 | PLACE OF MEETINGS | 1 |
| 2.2 | ANNUAL MEETING | 1 |
| 2.3 | SPECIAL MEETING | 1 |
| 2.4 | ADVANCE NOTICE PROCEDURES | 2 |
| 2.5 | NOTICE OF STOCKHOLDERS' MEETINGS | 6 |
| 2.6 | QUORUM | 6 |
| 2.7 | ADJOURNED MEETING; NOTICE | 7 |
| 2.8 | CONDUCT OF BUSINESS | 7 |
| 2.9 | VOTING | 7 |
| 2.10 | STOCKHOLDER ACTION BY WRITTEN CONSENT WITHOUT A MEETING | 8 |
| 2.11 | RECORD DATES | 8 |
| 2.12 | PROXIES | 9 |
| 2.13 | LIST OF STOCKHOLDERS ENTITLED TO VOTE | 9 |
| 2.14 | INSPECTORS OF ELECTION | 10 |
| 2.15 | PROXY ACCESS FOR DIRECTOR NOMINEES. | 10 |
| ARTICLE III - - DIRECTORS | | 19 |
| 3.1 | POWERS | 19 |
| 3.2 | NUMBER OF DIRECTORS | 20 |

**TABLE OF CONTENTS**
**(continued)**

| | | |
|---|---|---|
| 3.3 | ELECTION, QUALIFICATION AND TERM OF OFFICE OF DIRECTORS | 20 |
| 3.4 | RESIGNATION AND VACANCIES | 20 |
| 3.5 | PLACE OF MEETINGS; MEETINGS BY TELEPHONE | 21 |
| 3.6 | REGULAR MEETINGS | 21 |
| 3.7 | SPECIAL MEETINGS; NOTICE | 21 |
| 3.8 | QUORUM; VOTING | 22 |
| 3.9 | BOARD ACTION BY WRITTEN CONSENT WITHOUT A MEETING | 22 |
| 3.10 | FEES AND COMPENSATION OF DIRECTORS | 22 |
| 3.11 | REMOVAL OF DIRECTORS | 22 |
| ARTICLE IV - COMMITTEES | | 23 |
| 4.1 | COMMITTEES OF DIRECTORS | 23 |
| 4.2 | COMMITTEE MINUTES | 23 |
| 4.3 | MEETINGS AND ACTION OF COMMITTEES | 23 |
| 4.4 | SUBCOMMITTEES | 24 |
| ARTICLE V - - OFFICERS | | 24 |
| 5.1 | OFFICERS | 24 |
| 5.2 | APPOINTMENT OF OFFICERS | 24 |
| 5.3 | SUBORDINATE OFFICERS | 24 |
| 5.4 | REMOVAL AND RESIGNATION OF OFFICERS | 25 |
| 5.5 | VACANCIES IN OFFICES | 25 |
| 5.6 | REPRESENTATION OF SECURITIES OF OTHER ENTITIES | 25 |
| 5.7 | AUTHORITY AND DUTIES OF OFFICERS | 25 |

-ii-

**TABLE OF CONTENTS**
**(continued)**

| | | |
|---|---|---|
| ARTICLE VI - STOCK | | 25 |
| 6.1 | STOCK CERTIFICATES; PARTLY PAID SHARES | 25 |
| 6.2 | SPECIAL DESIGNATION ON CERTIFICATES | 26 |
| 6.3 | LOST CERTIFICATES | 26 |
| 6.4 | DIVIDENDS | 27 |
| 6.5 | TRANSFER OF STOCK | 27 |
| 6.6 | STOCK TRANSFER AGREEMENTS | 27 |
| 6.7 | REGISTERED STOCKHOLDERS | 27 |
| ARTICLE VII - MANNER OF GIVING NOTICE AND WAIVER | | 28 |
| 7.1 | NOTICE OF STOCKHOLDERS' MEETINGS | 28 |
| 7.2 | NOTICE TO STOCKHOLDERS SHARING AN ADDRESS | 28 |
| 7.3 | NOTICE TO PERSON WITH WHOM COMMUNICATION IS UNLAWFUL | 28 |
| 7.4 | WAIVER OF NOTICE | 28 |
| ARTICLE VIII - FORUM FOR CERTAIN ACTIONS | | 28 |
| ARTICLE IX - INDEMNIFICATION | | 29 |
| 9.1 | INDEMNIFICATION OF DIRECTORS AND OFFICERS IN THIRD PARTY PROCEEDINGS | 29 |
| 9.2 | INDEMNIFICATION OF DIRECTORS AND OFFICERS IN ACTIONS BY OR IN THE RIGHT OF THE CORPORATION | 30 |
| 9.3 | SUCCESSFUL DEFENSE | 30 |
| 9.4 | INDEMNIFICATION OF OTHERS | 30 |
| 9.5 | ADVANCE PAYMENT OF EXPENSES | 31 |
| 9.6 | LIMITATION ON INDEMNIFICATION | 31 |
| 9.7 | DETERMINATION; CLAIM | 32 |

iii

**TABLE OF CONTENTS**
**(continued)**

| | | |
|---|---|---|
| 9.8 | NON-EXCLUSIVITY OF RIGHTS | 32 |
| 9.9 | INSURANCE | 32 |
| 9.10 | SURVIVAL | 33 |
| 9.11 | EFFECT OF REPEAL OR MODIFICATION | 33 |
| 9.12 | CERTAIN DEFINITIONS | 33 |
| ARTICLE X - GENERAL MATTERS | | 33 |
| 10.1 | EXECUTION OF CORPORATE CONTRACTS AND INSTRUMENTS | 33 |
| 10.2 | FISCAL YEAR | 34 |
| 10.3 | SEAL | 34 |
| 10.4 | CONSTRUCTION; DEFINITIONS | 34 |
| ARTICLE XI - AMENDMENTS | | 34 |

-iv-

# BYLAWS OF TWITTER, INC.

## ARTICLE I - CORPORATE OFFICES

### 1.1    REGISTERED OFFICE

The registered office of Twitter, Inc. shall be fixed in the corporation's certificate of incorporation, as the same may be amended from time to time.

### 1.2    OTHER OFFICES

The corporation may at any time establish other offices.

## ARTICLE II - MEETINGS OF STOCKHOLDERS

### 2.1    PLACE OF MEETINGS

Meetings of stockholders shall be held at a place, if any, within or outside the State of Delaware, designated by the board of directors. The board of directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law (the "**DGCL**"). In the absence of any such designation or determination, stockholders' meetings shall be held at the corporation's principal executive office.

### 2.2    ANNUAL MEETING

The annual meeting of stockholders shall be held on such date, at such time, and at such place (if any) within or without the State of Delaware as shall be designated from time to time by the board of directors and stated in the corporation's notice of the meeting. At the annual meeting, directors shall be elected and any other proper business, brought in accordance with Section 2.4 of these bylaws, may be transacted. The board of directors may cancel, postpone or reschedule any previously scheduled annual meeting at any time, before or after the notice for such meeting has been sent to the stockholders.

### 2.3    SPECIAL MEETING

(i)    A special meeting of the stockholders, other than those required by statute, may be called at any time by (A) the board of directors, (B) the chairperson of the board of directors, or (C) the chief executive officer, but a special meeting may not be called by any other person or persons. The board of directors may cancel, postpone or reschedule any previously scheduled special meeting at any time, before or after the notice for such meeting has been sent to the stockholders.

(ii)    The notice of a special meeting shall include the purpose for which the meeting is called. Only such business shall be conducted at a special meeting of stockholders as shall have been brought before the meeting by or at the direction of the board of directors, chairperson of the board of directors or chief executive officer. Nothing contained in this Section 2.3(ii) shall be construed as limiting, fixing or affecting the time when a meeting of stockholders called by action of the board of directors may be held.

2.4     ADVANCE NOTICE PROCEDURES

(i)      *Advance Notice of Stockholder Business.* At an annual meeting of the stockholders, only such business shall be conducted as shall have been properly brought before the meeting. To be properly brought before an annual meeting, business must be brought: (A) pursuant to the corporation's proxy materials with respect to such meeting, (B) by or at the direction of the board of directors, or (C) by a stockholder of the corporation who (1) is a stockholder of record at the time of the giving of the notice required by this Section 2.4(i) and on the record date for the determination of stockholders entitled to vote at the annual meeting and (2) has timely complied in proper written form with the notice procedures set forth in this Section 2.4(i). In addition, for business to be properly brought before an annual meeting by a stockholder, such business must be a proper matter for stockholder action pursuant to these bylaws and applicable law. For the avoidance of doubt, except for proposals properly made in accordance with Rule 14a-8 under the Securities and Exchange Act of 1934, as amended, or any successor thereto (the "**1934 Act**"), and the regulations thereunder (or any successor rule and in any case as so amended), clause (C) above shall be the exclusive means for a stockholder to bring business before an annual meeting of stockholders.

(a)     To comply with clause (C) of Section 2.4(i) above, a stockholder's notice must set forth all information required under this Section 2.4(i) and must be timely received by the secretary of the corporation. To be timely, a stockholder's notice must be received by the secretary at the principal executive offices of the corporation not later than the 45th day nor earlier than the 75th day before the one-year anniversary of the date on which the corporation first mailed its proxy materials or a notice of availability of proxy materials (whichever is earlier) for the preceding year's annual meeting; *provided, however,* that in the event that no annual meeting was held in the previous year or if the date of the annual meeting is advanced by more than 30 days prior to or delayed by more than 60 days after the one-year anniversary of the date of the previous year's annual meeting, then, for notice by the stockholder to be timely, it must be so received by the secretary not earlier than the close of business on the 120th day prior to such annual meeting and not later than the close of business on the later of (i) the 90th day prior to such annual meeting, or (ii) the tenth day following the day on which Public Announcement (as defined below) of the date of such annual meeting is first made. In no event shall any adjournment, rescheduling or postponement of an annual meeting or the announcement thereof commence a new time period for the giving of a stockholder's notice as described in this Section 2.4(i) (a). "**Public Announcement**" shall mean disclosure made via a Tweet from a verified account operated by the corporation (e.g., @Twitter), in a press release reported by the Dow Jones News Service, Associated Press or a comparable national news service or in a document publicly filed by the corporation with the Securities and Exchange Commission pursuant to Section 13, 14 or 15(d) of the 1934 Act.

-2-

(b)      To be in proper written form, a stockholder's notice to the secretary must set forth as to each matter of business the stockholder intends to bring before the annual meeting: (1) a brief description of the business intended to be brought before the annual meeting and the reasons for conducting such business at the annual meeting, (2) the name and address, as they appear on the corporation's books, of the stockholder proposing such business and any Stockholder Associated Person (as defined below), (3) the class and number of shares of the corporation that are held of record or are beneficially owned by the stockholder or any Stockholder Associated Person and any derivative positions held or beneficially held by the stockholder or any Stockholder Associated Person, (4) whether and the extent to which any hedging or other transaction or series of transactions has been entered into by or on behalf of such stockholder or any Stockholder Associated Person with respect to any securities of the corporation, and a description of any other agreement, arrangement or understanding (including any short position or any borrowing or lending of shares), the effect or intent of which is to mitigate loss to, or to manage the risk or benefit from share price changes for, or to increase or decrease the voting power of, such stockholder or any Stockholder Associated Person with respect to any securities of the corporation, (5) any material interest of the stockholder or a Stockholder Associated Person in such business, (6) a statement as to whether such person, if elected, intends to tender, if elected, promptly following such person's election or re-election, an irrevocable resignation effective upon (a) such person's failure to receive the required vote for re-election at the next stockholder meeting at which such person would face re-election and (b) acceptance of such resignation by the board of directors, in accordance with the corporation's Corporate Governance Guidelines, and (7) a statement whether either such stockholder or any Stockholder Associated Person will deliver a proxy statement and form of proxy to holders of at least the percentage of the voting power of the corporation's voting shares required under applicable law to carry the proposal (such information provided and statements made as required by clauses (1) through (7), a "**Business Solicitation Statement**"). In addition, to be in proper written form, a stockholder's notice to the secretary must be supplemented not later than ten days following the record date for the determination of stockholders entitled to notice of the meeting to disclose the information contained in clauses (3) and (4) above as of the record date. For purposes of this Section 2.4, a "**Stockholder Associated Person**" of any stockholder shall mean (i) any person controlling, directly or indirectly, or acting in concert with, such stockholder, (ii) any beneficial owner of shares of stock of the corporation owned of record or beneficially by such stockholder and on whose behalf the proposal or nomination, as the case may be, is being made, or (iii) any person controlling, controlled by or under common control with such person referred to in the preceding clauses (i) and (ii).

(c)      Without exception, no business shall be conducted at any annual meeting except in accordance with the provisions set forth in this Section 2.4(i) and, if applicable, Section 2.4(ii). In addition, business proposed to be brought by a stockholder may not be brought before the annual meeting if such stockholder or a Stockholder Associated Person, as applicable, takes action contrary to the representations made in the Business Solicitation Statement applicable to such business or if the Business Solicitation Statement applicable to such business contains an untrue statement of a material fact or omits to state a material fact necessary to make the statements therein not misleading. The chairperson of the annual meeting shall, if the facts warrant, determine and declare at the annual meeting that business was not properly brought before the annual meeting and in accordance with the provisions of this Section 2.4(i), and, if the chairperson should so determine, he or she shall so declare at the annual meeting that any such business not properly brought before the annual meeting shall not be conducted.

-3-

       (ii)      Advance Notice of Director Nominations at Annual Meetings. Notwithstanding anything in these bylaws to the contrary, only persons who are nominated in accordance with the procedures set forth in this Section 2.4(ii) shall be eligible for election or re-election as directors at an annual meeting of stockholders. Nominations of persons for election to the board of directors of the corporation shall be made at an annual meeting of stockholders only (A) by or at the direction of the board of directors, (B) by a stockholder of the corporation who (1) was a stockholder of record at the time of the giving of the notice required by this Section 2.4(ii) and on the record date for the determination of stockholders entitled to vote at the annual meeting and (2) has complied with the notice procedures set forth in this Section 2.4(ii) or (C) in compliance with Section 2.15 below. In addition to any other applicable requirements, for a nomination to be made by a stockholder, the stockholder must have given timely notice thereof in proper written form to the secretary of the corporation.

       (a)      To comply with clause (B) of Section 2.4(ii) above, a nomination to be made by a stockholder must set forth all information required under this Section 2.4(ii) and must be received by the secretary of the corporation at the principal executive offices of the corporation at the time set forth in, and in accordance with, the final three sentences of Section 2.4(i)(a) above; provided additionally, however, that in the event that the number of directors to be elected to the board of directors is increased and there is no Public Announcement naming all of the nominees for director or specifying the size of the increased board made by the corporation at least ten days before the last day a stockholder may deliver a notice of nomination pursuant to the foregoing provisions, a stockholder's notice required by this Section 2.4(ii) shall also be considered timely, but only with respect to nominees for any new positions created by such increase, if it shall be received by the secretary of the corporation at the principal executive offices of the corporation not later than the close of business on the tenth day following the day on which such Public Announcement is first made by the corporation.

       (b)      To be in proper written form, such stockholder's notice to the secretary must set forth:

       (1)      as to each person (a "**nominee**") whom the stockholder proposes to nominate for election or re-election as a director: (A) the name, age, business address and residence address of the nominee, (B) the principal occupation or employment of the nominee, (C) the class and number of shares of the corporation that are held of record or are beneficially owned by the nominee and any derivative positions held or beneficially held by the nominee, (D) whether and the extent to which any hedging or other transaction or series of transactions has been entered into by or on behalf of the nominee with respect to any securities of the corporation, and a description of any other agreement, arrangement or understanding (including any short position or any borrowing or lending of shares), the effect or intent of which is to mitigate loss to, or to manage the risk or benefit of share price changes for, or to increase or decrease the voting power of the nominee, (E) a description of all arrangements or understandings between or among any of the stockholder, each nominee and/or any other person or persons (naming such person or persons) pursuant to which the nominations are to be made by the stockholder or relating to the nominee's potential service on the board of directors, (F) a written statement executed by the nominee acknowledging that as a director of the corporation, the nominee will owe a fiduciary duty under Delaware law with respect to the corporation and its stockholders, and (G) any other information relating to the nominee that would be required to be disclosed about such nominee if proxies were being solicited for the election of the nominee as a director, or that is otherwise required, in each case pursuant to Regulation 14A under the 1934 Act (including without limitation the nominee's written consent to being named in the proxy statement, if any, as a nominee and to serving as a director if elected); and

-4-

(2)     as to such stockholder giving notice, (A) the information required to be provided pursuant to clauses (2) through (5) of Section 2.4(i)(b) above, and the supplement referenced in the second sentence of Section 2.4(i)(b) above (except that the references to "business" in such clauses shall instead refer to nominations of directors for purposes of this paragraph), and (B) a statement whether either such stockholder or Stockholder Associated Person will deliver a proxy statement and form of proxy to holders at least the percentage of the corporation's voting shares reasonably believed by such stockholder or Stockholder Associated Person to be necessary to elect such nominee(s) (such information provided and statements made as required by clauses (A) and (B) above, a "**Nominee Solicitation Statement**").

(c)     At the request of the board of directors, any person nominated by a stockholder for election as a director must furnish to the secretary of the corporation (1) that information required to be set forth in the stockholder's notice of nomination of such person as a director as of a date subsequent to the date on which the notice of such person's nomination was given and (2) such other information as may reasonably be required by the corporation to determine the eligibility of such proposed nominee to serve as an independent director of the corporation or that could be material to a reasonable stockholder's understanding of the independence, or lack thereof, of such nominee; in the absence of the furnishing of such information if requested, such stockholder's nomination shall not be considered in proper form pursuant to this Section 2.4(ii).

(d)     Without exception, no person shall be eligible for election or re-election as a director of the corporation at an annual meeting of stockholders unless nominated in accordance with the provisions set forth in this Section 2.4(ii). In addition, a nominee shall not be eligible for election or re-election if a stockholder or Stockholder Associated Person, as applicable, takes action contrary to the representations made in the Nominee Solicitation Statement applicable to such nominee or if the Nominee Solicitation Statement applicable to such nominee contains an untrue statement of a material fact or omits to state a material fact necessary to make the statements therein not misleading. The chairperson of the annual meeting shall, if the facts warrant, determine and declare at the annual meeting that a nomination was not made in accordance with the provisions prescribed by these bylaws, and if the chairperson should so determine, he or she shall so declare at the annual meeting, and the defective nomination shall be disregarded.

-5-

      (iii)    *Advance Notice of Director Nominations for Special Meetings.*

      (a)    For a special meeting of stockholders at which directors are to be elected pursuant to Section 2.3, nominations of persons for election to the board of directors shall be made only (1) by or at the direction of the board of directors or (2) by any stockholder of the corporation who (A) is a stockholder of record at the time of the giving of the notice required by this Section 2.4(iii) and on the record date for the determination of stockholders entitled to vote at the special meeting and (B) delivers a timely written notice of the nomination to the secretary of the corporation that includes the information set forth in Sections 2.4(ii)(b) and (ii)(c) above. To be timely, such notice must be received by the secretary at the principal executive offices of the corporation not later than the close of business on the later of the 90th day prior to such special meeting or the tenth day following the day on which Public Announcement is first made of the date of the special meeting and of the nominees proposed by the board of directors to be elected at such meeting. In no event shall any adjournment, rescheduling or postponement of a special meeting or the announcement thereof commence a new time period for the giving of a stockholder's notice. A person shall not be eligible for election or re-election as a director at a special meeting unless the person is nominated (i) by or at the direction of the board of directors or (ii) by a stockholder in accordance with the notice procedures set forth in this Section 2.4(iii). In addition, a nominee shall not be eligible for election or re-election if a stockholder or Stockholder Associated Person, as applicable, takes action contrary to the representations made in the Nominee Solicitation Statement applicable to such nominee or if the Nominee Solicitation Statement applicable to such nominee contains an untrue statement of a material fact or omits to state a material fact necessary to make the statements therein not misleading.

      (b)    The chairperson of the special meeting shall, if the facts warrant, determine and declare at the meeting that a nomination or business was not made in accordance with the procedures prescribed by these bylaws, and if the chairperson should so determine, he or she shall so declare at the meeting, and the defective nomination or business shall be disregarded.

      (iv)    *Other Requirements and Rights.* In addition to the foregoing provisions of this Section 2.4, a stockholder must also comply with all applicable requirements of state law and of the 1934 Act and the rules and regulations thereunder with respect to the matters set forth in this Section 2.4, including, with respect to business such stockholder intends to bring before the annual meeting that involves a proposal that such stockholder requests to be included in the corporation's proxy statement, the requirements of Rule 14a-8 (or any successor provision) under the 1934 Act. Nothing in this Section 2.4 shall be deemed to affect any right of the corporation to omit a proposal from the corporation's proxy statement pursuant to Rule 14a-8 (or any successor provision) under the 1934 Act.

2.5    NOTICE OF STOCKHOLDERS' MEETINGS

      Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given which shall state the place, if any, date and hour of the meeting, the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, the record date for determining the stockholders entitled to vote at the meeting, if such date is different from the record date for determining stockholders entitled to notice of the meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Except as otherwise provided in the DGCL, the certificate of incorporation or these bylaws, the notice of any meeting of stockholders shall be given not less than 10 nor more than 60 days before the date of the meeting to each stockholder entitled to vote at such meeting as of the record date for determining the stockholders entitled to notice of the meeting.

-6-

### 2.6    QUORUM

The holders of a majority of the voting power of the stock issued and outstanding and entitled to vote, present in person or represented by proxy, shall constitute a quorum for the transaction of business at all meetings of the stockholders, unless otherwise required by law, the certificate of incorporation, these bylaws or the rules of any applicable stock exchange. Where a separate vote by a class or series or classes or series is required, a majority of the voting power of the issued and outstanding shares of such class or series or classes or series, present in person or represented by proxy, shall constitute a quorum entitled to take action with respect to that vote on that matter, except as otherwise required by law, the certificate of incorporation, these bylaws or the rules of any applicable stock exchange.

Whether or not a quorum is present at a meeting of stockholders, the chairperson of the meeting shall have power to adjourn the meeting from time to time, without notice other than announcement at the meeting. At such adjourned meeting at which a quorum is present or represented, any business may be transacted that might have been transacted at the original meeting.

### 2.7    ADJOURNED MEETING; NOTICE

When a meeting is adjourned to another time or place, unless these bylaws otherwise require, notice need not be given of the adjourned meeting if the time, place, if any, thereof, and the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such adjourned meeting are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than 30 days, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting. If after the adjournment a new record date for stockholders entitled to vote is fixed for the adjourned meeting, the board of directors shall fix a new record date for notice of such adjourned meeting in accordance with Section 213(a) of the DGCL and Section 2.11 of these bylaws, and shall give notice of the adjourned meeting to each stockholder of record entitled to vote at such adjourned meeting as of the record date fixed for notice of such adjourned meeting.

### 2.8    CONDUCT OF BUSINESS

The chairperson of any meeting of stockholders shall determine the order of business and the procedure at the meeting, including such regulation of the manner of voting and the conduct of business. The chairperson of any meeting of stockholders shall be designated by the board of directors; in the absence of such designation, the chairperson of the board, if any, the chief executive officer (in the absence of the chairperson) or the lead independent director (in the absence of the chairperson of the board and the chief executive officer), or in their absence any other executive officer of the corporation, shall serve as chairperson of the stockholder meeting.

### 2.9    VOTING

The stockholders entitled to vote at any meeting of stockholders shall be determined in accordance with the provisions of Section 2.11 of these bylaws, subject to Section 217 (relating to voting rights of fiduciaries, pledgors and joint owners of stock) and Section 218 (relating to voting trusts and other voting agreements) of the DGCL.

Except as may be otherwise provided in the certificate of incorporation, each stockholder shall be entitled to one vote for each share of capital stock held by such stockholder.

Except as otherwise required by law, the certificate of incorporation, these bylaws or the rules of any applicable stock exchange, in all matters other than the election of directors, the affirmative vote of a majority of the voting power of the shares present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders. Except as otherwise required by law, the certificate of incorporation, these bylaws or the rules of any applicable stock exchange, directors shall be elected by a majority of the voting power of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors. For the purposes of this section, a majority of votes shall mean that the number of votes cast "for" a director's election exceeds the number of votes "against" that director's election (with "abstentions" and "broker nonvotes" not counted as votes cast "for" or "against" that director's election); provided that, if at the close of the notice period set forth in Section 2.4 of this Article II, the number of director nominees exceeds the number of directors to be elected, the directors shall be elected by a plurality of the votes cast. If the directors are to be elected by a plurality of the votes cast, the stockholders shall not be permitted to vote against a nominee. Where a separate vote by a class or series or classes or series is required, in all matters other than the election of directors, the affirmative vote of the majority of the voting power of shares of such class or series or classes or series present in person or represented by proxy at the meeting shall be the act of such class or series or classes or series, except as otherwise provided by law, the certificate of incorporation, these bylaws or the rules of any applicable stock exchange.

2.10    STOCKHOLDER ACTION BY WRITTEN CONSENT WITHOUT A MEETING

Subject to the rights of the holders of the shares of any series of Preferred Stock or any other class of stock or series thereof that have been expressly granted the right to take action by written consent, any action required or permitted to be taken by the stockholders of the corporation must be effected at a duly called annual or special meeting of stockholders of the corporation and may not be effected by any consent in writing by such stockholders.

2.11    RECORD DATES

In order that the corporation may determine the stockholders entitled to notice of any meeting of stockholders or any adjournment thereof, the board of directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the board of directors and which record date shall not be more than 60 nor less than 10 days before the date of such meeting. If the board of directors so fixes a date, such date shall also be the record date for determining the stockholders entitled to vote at such meeting unless the board of directors determines, at the time it fixes such record date, that a later date on or before the date of the meeting shall be the date for making such determination.

If no record date is fixed by the board of directors, the record date for determining stockholders entitled to notice of and to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held.

A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; *provided, however,* that the board of directors may fix a new record date for determination of stockholders entitled to vote at the adjourned meeting, and in such case shall also fix as the record date for stockholders entitled to notice of such adjourned meeting the same or an earlier date as that fixed for determination of stockholders entitled to vote in accordance with the provisions of Section 213 of the DGCL and this Section 2.11 at the adjourned meeting.

In order that the corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the board of directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than 60 days prior to such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the board of directors adopts the resolution relating thereto.

## 2.12    PROXIES

Each stockholder entitled to vote at a meeting of stockholders, or such stockholder's authorized officer, director, employee or agent may authorize another person or persons to act for such stockholder by proxy authorized by a document or by a transmission permitted by law filed in accordance with the procedure established for the meeting, but no such proxy shall be voted or acted upon after three years from its date, unless the proxy provides for a longer period. The revocability of a proxy that states on its face that it is irrevocable shall be governed by the provisions of Section 212 of the DGCL.

## 2.13    LIST OF STOCKHOLDERS ENTITLED TO VOTE

The corporation shall prepare, at least 10 days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting; *provided, however,* if the record date for determining the stockholders entitled to vote is less than 10 days before the meeting date, the list shall reflect the stockholders entitled to vote as of the tenth day before the meeting date, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. The corporation shall not be required to include electronic mail addresses or other electronic contact information on such list. Such list shall be open to the examination of any stockholder for any purpose germane to the meeting for a period of at least 10 days prior to the meeting: (i) on a reasonably accessible electronic network, *provided* that the information required to gain access to such list is provided with the notice of the meeting, or (ii) during ordinary business hours, at the corporation's principal place of business. In the event that the corporation determines to make the list available on an electronic network, the corporation may take reasonable steps to ensure that such information is available only to stockholders of the corporation. If the meeting is to be held at a place, then a list of stockholders entitled to vote at the meeting shall be produced and kept at the time and place of the meeting during the whole time thereof, and may be examined by any stockholder who is present. If the meeting is to be held solely by means of remote communication, then the list shall also be open to the examination of any stockholder during the whole time of the meeting on a reasonably accessible electronic network, and the information required to access such list shall be provided with the notice of the meeting. Such list shall presumptively determine the identity of the stockholders entitled to vote at the meeting and the number of shares held by each of them.

## 2.14    INSPECTORS OF ELECTION

Before any meeting of stockholders, the corporation shall appoint an inspector or inspectors of election to act at the meeting or its adjournment. The corporation may designate one more persons as alternate inspectors to replace any inspector who fails to appear or fails or refuses to act.

Each inspector, before entering upon the discharge of his or her duties, shall take and sign an oath to execute faithfully the duties of inspector with strict impartiality and according to the best of his or her ability. Such inspectors shall:

(i)    ascertain the number of shares outstanding and the voting power of each;

(ii)    determine the shares represented at the meeting and the validity of proxies and ballots;

(iii)    count all votes and ballots;

(iv)    determine and retain for a reasonable period a record of the disposition of any challenges made to any determination by the inspectors; and;

(v)    certify their determination of the number of shares represented at the meeting, and their count of all votes and ballots.

The inspectors of election shall perform their duties impartially, in good faith, to the best of their ability and as expeditiously as is practical. If there are multiple inspectors of election, the decision, act or certificate of a majority is effective in all respects as the decision, act or certificate of all. Any report or certificate made by the inspectors of election is *prima facie* evidence of the facts stated therein.

2.15    PROXY ACCESS FOR DIRECTOR NOMINEES.

(i)    *Inclusion of Stockholder Nominees in Proxy Materials*. Whenever the board of directors solicits proxies with respect to the election of directors at an annual meeting of stockholders, subject to the provisions of this Section 2.15, the corporation will include in its proxy materials for such annual meeting of stockholders, in addition to any persons nominated for election by the board of directors or a committee appointed by the board of directors, the name, together with the Required Information (as defined below), of any person properly nominated for election (a "**Stockholder Nominee**") to the board of directors by an Eligible Stockholder (as defined below). An Eligible Stockholder must expressly elect, at the time of providing the notice required by this Section 2.15 (the "**Nomination Notice**"), to have the nominee of such Eligible Stockholder included in the corporation's proxy materials pursuant to this Section 2.15. For the avoidance of doubt, if a Stockholder Nominee is included in the corporation's proxy materials for an annual meeting of stockholders then the corporation will also include such Stockholder Nominee on (A) any ballot distributed at such annual meeting; (B) the corporation's proxy card; and (C) any other format through which the corporation permits proxies to be submitted.

(ii)    *Definition of Eligible Stockholder*. An "**Eligible Stockholder**" is a stockholder, or a group of no more than 20 stockholders, of the corporation that has satisfied (individually or, in the case of a group, collectively) all applicable conditions and has complied with all applicable procedures, in each case as set forth in this Section 2.15. No person may be a member of more than one group of persons constituting an Eligible Stockholder. A record holder acting on behalf of one or more beneficial owners will not be counted separately as a stockholder with respect to the shares owned by beneficial owners on whose behalf such record holder has been directed in writing to act, but each such beneficial owner will be counted separately, subject to the other provisions of this Section 2.15, for purposes of determining the number of stockholders whose holdings may be considered as part of an Eligible Stockholder's holdings. For purposes of this Section 2.15, two or more funds or trusts will be treated as one stockholder or beneficial owner (a "**Qualifying Fund**") if they are (i) under common management and investment control; (ii) under common management and funded primarily by the same employer; or (iii) a "group of investment companies," as such term is defined in Section 12(d)(1)(G)(ii) of the Investment Company Act of 1940, as amended.

-10-

(iii)    *Required Information.* For purposes of this Section 2.15, the "Required Information" that the corporation will include in its proxy materials is (i) the information concerning the Stockholder Nominee and the Eligible Stockholder that is required to be disclosed in the corporation's proxy statement by the rules and regulations of the Securities and Exchange Commission (the "**SEC**") promulgated under the Securities Exchange Act of 1934 (the "**Exchange Act**"); and (ii) if the Eligible Stockholder so elects, one or more Supporting Statements (as defined below).

(iv)    *Delivery of Nomination Notice.* To be timely, a Nomination Notice must be delivered to, or mailed and received at, the principal executive offices of the corporation not less than 120 days nor more than 150 days prior to the first anniversary of the day on which the corporation's proxy statement (or Notice of Internet Availability) relating to the immediately preceding annual meeting of stockholders was first mailed to stockholders. No adjournment, postponement or other delay of an annual meeting, or any public announcement thereof, will commence a new time period (or extend any time period) for the giving of a Nomination Notice.

(v)    *Maximum Number of Stockholder Nominees.*

(a)    Maximum Number; Reductions. The maximum aggregate number of Stockholder Nominees that will be included in the corporation's proxy materials with respect to an annual meeting of stockholders will not exceed the greater of (A) two or (B) 20 percent of the number of directors in office as of the last day on which a Nomination Notice may be delivered pursuant to this Section 2.15, or if such amount is not a whole number, then the closest whole number below 20 percent. This maximum number will be reduced by (1) the number of persons serving as nominees for director who will be included in the corporation' proxy materials as an unopposed (by the corporation) nominee pursuant to an agreement, arrangement or other understanding with a stockholder or group of stockholders (other than any such agreement, arrangement or understanding entered into in connection with an acquisition of shares of common stock of the corporation by such stockholder or group of stockholders from the corporation) (2) any Stockholder Nominee whose name was submitted by an Eligible Stockholder for inclusion in the corporation's proxy materials pursuant to this Section 2.15 but either (a) is subsequently withdrawn, disregarded or declared invalid or ineligible; or (b) that the board of directors or a committee appointed by the board of directors decides to nominate for election; and (3) the number of incumbent directors (as of the last day on which a Nomination Notice may be delivered pursuant to this Section 2.15) who were Stockholder Nominees at any of the preceding two annual meetings (including any individual covered under clause (2) above) and whose election at the upcoming annual meeting of stockholders is being recommended by the board of directors. Notwithstanding the previous sentence, in no event will the aggregate number of Stockholder Nominees in the corporation's proxy materials with respect to an annual meeting of stockholders be below one if a valid Nomination Notice is properly delivered pursuant to this Section 2.15. The number of Stockholder Nominees cannot exceed the number of directors to be elected at the applicable annual meeting of stockholders.

(b)    *Impact of Vacancies*. If (A) one or more vacancies for any reason occurs on the board of directors after the last day on which a Nomination Notice may be delivered pursuant to this Section 2.15 but before the date of the annual meeting of stockholders and (B) the board of directors resolves to reduce the size of the board of directors in connection with such vacancy, then the maximum number of Stockholder Nominees will be calculated based on the number of directors in office as so reduced.

-11-

   (c) *Ranking of Stockholder Nominees*. Any Eligible Stockholder submitting more than one Stockholder Nominee for inclusion in the corporation's proxy materials must rank its Stockholder Nominees in its Nomination Notice based on the order in which the Eligible Stockholder desires that such Stockholder Nominees be selected for inclusion in the corporation's proxy materials. If the number of Stockholder Nominees submitted by Eligible Stockholders exceeds the maximum number of nominees provided for pursuant to Section 2.15(v)(a), then the highest-ranking qualifying Stockholder Nominee of each Eligible Stockholder will be selected by the corporation for inclusion in the corporation's proxy materials until the maximum number of Stockholder Nominees is reached, going in order by the number (largest to smallest) of shares of common stock of the corporation that each Eligible Stockholder disclosed as Owned (as defined below) in its Nomination Notice. If the maximum number of Stockholder Nominees is not reached after the highest-ranking qualifying Stockholder Nominee of each Eligible Stockholder has been selected, then this process will continue with the next highest-ranked Stockholder Nominees as many times as necessary, following the same order each time, until the maximum number is reached.

   (vi) *Ownership*. For purposes of this Section 2.15, an Eligible Stockholder will be deemed to "**Own**" only those outstanding shares of common stock of the corporation as to which the Eligible Stockholder possesses both (i) the full voting and investment rights pertaining to the shares; and (ii) the full economic interest in (including the opportunity for profit and risk of loss on) such shares. The number of shares calculated in accordance with the prior sentence will not include any shares (A) sold by such Eligible Stockholder or any of its affiliates in any transaction that has not been settled or closed, including any short sale; (B) borrowed by such Eligible Stockholder or any of its affiliates for any purpose; (C) purchased by such Eligible Stockholder or any of its affiliates subject to an agreement to resell; or (D) subject to any option, warrant, forward contract, swap, contract of sale, or other derivative or similar agreement entered into by such Eligible Stockholder or any of its affiliates, whether any such instrument or agreement is to be settled with shares or with cash based on the notional amount or value of shares of common stock of the corporation, in any such case which instrument or agreement has, or is intended to have, or if exercised would have, the purpose or effect of (1) reducing in any manner, to any extent or at any time in the future, the full right to vote or direct the voting of any such shares by the Eligible Stockholder or its affiliates; or (2) hedging, offsetting or altering to any degree any gain or loss arising from the full economic ownership of such shares by such Eligible Stockholder or its affiliates. A stockholder will "Own" shares held in the name of a nominee or other intermediary so long as the stockholder retains the right to instruct how the shares are voted with respect to the election of directors and possesses the full economic interest in the shares. A stockholder's Ownership of shares will be deemed to continue during any period in which the stockholder has (a) loaned such shares so long as the stockholder has the power to recall such loaned shares on no more than five business days' notice and includes with the Nomination Notice an agreement that it (i) will promptly recall such loaned shares upon being notified by the corporation that any of its Stockholder Nominees will be included in the corporation's proxy materials and (ii) will continue to hold such recalled shares through the date of the annual meeting of stockholders; or (b) delegated any voting power by means of a proxy, power of attorney, or other instrument or arrangement that is revocable at any time by the stockholder. The terms "Owned," "Owning", "Ownership" and other variations of the word "Own" will have correlative meanings. Whether outstanding shares of common stock of the corporation are "Owned" for purposes of this Section 2.15 will be determined by the board of directors or any of its committees, which determination will be conclusive and binding on the corporation and its stockholders. For purposes of this Section 2.15, the term "affiliate" will have the meaning given to it in Rule 405 promulgated under the Securities Act of 1933 (the "**Securities Act**").

-12-

(vi)    Eligible Stockholder Requirements.

(a)    *Ownership Requirement*. To make a nomination pursuant to this Section 2.15, an Eligible Stockholder must have Owned continuously for at least three years (the "**Holding Period**") a number of shares representing at least three percent of the corporation's common stock (such required number of shares, the "**Required Shares**"). For purposes of determining whether the Eligible Stockholder owned the Required Shares for the Holding Period, the number of shares of common stock will be determined by reference to the corporation's periodic filings with the SEC during the Holding Period. The Required Shares must also be Owned continuously as of (i) the date on which the Nomination Notice is delivered to, or mailed and received at, the principal executive offices of the corporation in accordance with this Section 2.15; (ii) the record date for determining stockholders entitled to vote at the annual meeting of stockholders; and (iii) the date of the annual meeting of stockholders.

(b)    *Additional Requirements for Groups of Stockholders*. If a group of stockholders aggregates Ownership of shares in order to meet the requirements under this Section 2.15, then (i) all shares held by each stockholder constituting their contribution to the Required Shares must have been held by that stockholder continuously for at least the Holding Period, and must also be Owned continuously as of (A) the date on which the Nomination Notice is delivered to, or mailed and received at, the principal executive offices of the corporation in accordance with this Section 2.15; (B) the record date for determining stockholders entitled to vote at the annual meeting of stockholders; and (C) the date of the annual meeting of stockholders; (ii) each provision in this Section 2.15 that requires the Eligible Stockholder to provide any written statements, representations, undertakings, agreements or other instruments or to meet any other conditions will be deemed to require each stockholder that is a member of such group to provide such statements, representations, undertakings, agreements or other instruments and to meet such other conditions (except that the members of such group may aggregate their stockholdings in order to meet the Required Shares); and (iii) a breach of any obligation, agreement or representation under this Section 2.15 by any member of such group will be deemed a breach by the Eligible Stockholder.

(viii)    *Information to be Provided by an Eligible Stockholder*. Within the time period specified for providing the Nomination Notice, an Eligible Stockholder (which, for purposes of this Section 2.15(viii), will be deemed to include any beneficial owner on whose behalf the nomination is made) making a nomination pursuant to this Section 2.15 must provide the following information in writing to the secretary of the corporation at the principal executive offices of the corporation:

(a)    the name and address of the Eligible Stockholder;

(b)    a statement by the Eligible Stockholder (A) setting forth and certifying as to the number of shares of common stock of the corporation that it Owns and has Owned continuously during Holding Period; (B) agreeing to continue to Own the Required Shares through the date of the annual meeting of stockholders; and (C) indicating whether it intends to continue to own the Required Shares for at least one year following the annual meeting of stockholders (it being understood that this statement will not be deemed to impose any obligation on the Eligible Stockholder to hold any of the Required Shares following the annual meeting of stockholders);

-13-

(c)        in the case of a nomination by a group of stockholders that together is an Eligible Stockholder, (A) the designation by all group members of one group member that is authorized to receive communications, notices and inquiries from the corporation and to act on behalf of all such members with respect to the nomination and all related matters (including any withdrawal of the nomination); (B) the written acceptance by such group member of such designation; and (C) the address, phone number and email address of such group member,

(d)        one or more written statements from each record holder of the Required Shares (and from each intermediary through which the Required Shares are or have been held during the Holding Period) verifying that, as of a date within seven calendar days prior to the date that Nomination Notice is delivered or received at the principal executive offices of the corporation, the Eligible Stockholder then Owns, and has Owned continuously for the Holding Period, the Required Shares;

(e)        an undertaking by the Eligible Stockholder to provide, within seven calendar days after (A) the record date for the annual meeting of stockholders (if, prior to such record date, the corporation (1) has made disclosure of the record date in a press release reported by the Dow Jones News Service, Associated Press or a comparable national news service or in a document publicly filed by the corporation with the SEC pursuant to Section 13, Section 14 or Section 15(d) of the Exchange Act; or (2) delivered a written notice (including by email) of the record date to the Eligible Stockholder) or (B) the date on which the corporation delivered to the Eligible Stockholder written notice (including by email) of the record date (if such notice is provided after the record date), one or more written statements from each record holder of the Required Shares (and from each intermediary through which the Required Shares are or have been held during the Holding Period) verifying the Eligible Stockholder's continuous Ownership of the Required Shares through the record date;

(f)        in the case of a Qualifying Fund whose share Ownership is counted for purposes of qualifying as an Eligible Stockholder, documentation reasonably satisfactory to the board of directors that demonstrates that such Qualifying Fund meets the requirements of a Qualifying Fund;

(g)        the information, agreements, certifications, representations and other documents required to be set forth in or included with a stockholder's notice of a nomination pursuant to Article II, Section 2.4(ii);

(h)        a copy of the Schedule 14N that has been or is concurrently being filed by such Eligible Stockholder with the SEC as required by Rule 14a-18 under the Exchange Act (or any successor rule);

-14-

       (i)      a representation and undertaking that (A) the Eligible Stockholder (1) did not acquire, and is not holding, securities of the corporation for the purpose or with the effect of influencing or changing control of the corporation; (2) has not nominated, and will not nominate, for election to the board of directors at the annual meeting of stockholders any person other than the Stockholder Nominees being nominated by it pursuant to this Section 2.15; (3) has not engaged, and will not engage, in a, and has not and will not be a "participant" in another person's, "solicitation" within the meaning of Rule 14a-1(*l*) under the Exchange Act (or any successor rule) in support of the election of any individual as a director at the annual meeting of stockholders (other than its Stockholder Nominees or a nominee of the board of directors); (4) has not distributed, and will not distribute, to any stockholder any form of proxy for the annual meeting of stockholders other than the form distributed by the corporation; (5) has complied, and will comply, with all laws, rules and regulations applicable to any actions taken pursuant to this Section 2.15, including the nomination of its Stockholder Nominees and any permissible solicitation in connection with the annual meeting of stockholders; and (6) consents to the public disclosure of the information provided pursuant to this Section 2.15; and (B) the facts, statements and other information in all communications with the corporation and its stockholders by the Eligible Stockholder are, and will be, true and correct in all material respects and do not, and will not, omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

       (j)      an undertaking that the Eligible Stockholder agrees to (A) assume all liability stemming from any legal or regulatory violation arising out of the Eligible Stockholder's communications with the stockholders of the corporation or out of the information that the Eligible Stockholder provides to the corporation; (B) indemnify and hold harmless the corporation and each of its directors, officers, employees, agents and affiliates individually against any liability, loss or damages in connection with any threatened or pending action, suit or proceeding, whether legal, administrative or investigative, against the corporation or any of its directors, officers, employees, agents or affiliates arising out of any nomination, solicitation or other activity by the Eligible Stockholder in connection with its efforts to elect any Stockholder Nominees pursuant to this Section 2.15; (C) comply with all requirements of this Section 2.15; and (D) upon request, provide to the corporation within five business days after such request, but in any event prior to the date of the applicable annual meeting of stockholders, such additional information as is reasonably requested by the corporation (including any information reasonably necessary to verify the Eligible Stockholder's continuous Ownership of the Required Shares for the Holding Period and through the date of the annual meeting of stockholders).

-15-

(ix)    Representations and Agreement of any Stockholder Nominee.

(a)    *Materials Required to be Provided*. Within the time period specified in this Section 2.15 for delivering the Nomination Notice, each Stockholder Nominee must deliver to the secretary of the corporation a written representation and agreement that the Stockholder Nominee (A) other than as disclosed to the corporation, (1) is not, and will not become, a party to any agreement, arrangement or understanding with, and has not given, and will not give, any commitment or assurance to, any person or entity as to how such Stockholder Nominee, if elected as a director, will act or vote on any issue or question; and (2) is not, and will not become, a party to any agreement, arrangement or understanding with any person or entity other than the corporation with respect to any direct or indirect compensation, reimbursement or indemnification in connection with service or action as a Stockholder Nominee or director; (B) if elected, will comply with the corporation's corporate governance guidelines, code of conduct, share ownership guidelines and insider trading policies and guidelines, and any other policies and guidelines of the corporation applicable to directors, as well as any applicable law, rule or regulation or listing requirement; (C) consents to being named in the corporation's proxy statement for the annual meeting of stockholders as a nominee of the applicable Eligible Stockholder or of the board of directors; (D) agrees to serve as a director if elected; (E) consents to the public disclosure of the information provided pursuant to this Section 2.15; and (F) represents that such Stockholder Nominee intends to serve as director of the corporation for the full term if so elected.

(b)    *Additional Materials*. At the written request of the corporation, the Stockholder Nominee must promptly, but in any event within five business days of such request, submit all (A) completed and signed questionnaires required of the corporation's directors, nominees for director, and officers; and (B) additional information requested by the corporation (1) as may be reasonably necessary to permit the board of directors or any of its committees to determine if such Stockholder Nominee (a) is independent under the listing standards of the principal U.S. exchange upon which the corporation's common stock is listed, any applicable rules of the SEC and any publicly disclosed standards used by the board of directors in determining and disclosing the independence of the corporation's directors (collectively, the "**Applicable Independence Standards**"); (b) is eligible to serve as a director of the corporation; (c) has any direct or indirect relationship with the corporation; and (d) is not, and has not been, subject to any event specified in Item 401(f) of Regulation S-K promulgated under the Securities Act (or any successor rule) or any order of the type specified in Rule 506(d) of Regulation D promulgated under the Securities Act (or any successor rule); and (2) that could be material to a reasonable stockholder's understanding of the independence, or lack thereof, of such Stockholder Nominee.

(x)    *Supporting Statement*. For each of its Stockholder Nominees, the Eligible Stockholder may provide to the secretary of the corporation, within the time period specified for providing the Nomination Notice, a written statement, not to exceed 500 words, for inclusion in the corporation's proxy statement for the annual meeting of stockholders in support of the candidacy of such Stockholder Nominee (a "**Supporting Statement**"). No Supporting Statement may include any images, charts, pictures, graphic presentations or similar items.

-16-

(xi)      *True, Correct and Complete Information*. If any information or communications provided by any Eligible Stockholder or Stockholder Nominee to the corporation or its stockholders is not, when provided, or thereafter ceases to be, true, correct and complete in all material respects (including omitting a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading), then such Eligible Stockholder or Stockholder Nominee, as the case may be, must promptly notify the secretary of the corporation in writing and provide the information that is required to make such information or communication true, correct, complete and not misleading. In addition, any person or entity providing any information to the corporation pursuant to this Section 2.15 must further update and supplement such information, if necessary, so that all such information is true and correct as of the record date for the annual meeting of stockholders and as of the date that is 10 business days prior to the annual meeting of stockholders or any adjournment, postponement or other delay thereof. Any update or supplement (or a written certification that no such updates or supplements are necessary and that the information previously provided remains true and correct as of the applicable date) pursuant to this Section 2.15(xi) must be delivered to, or mailed and received by, the secretary of the corporation at the principal executive offices of the corporation no later than (i) five business days after the record date for the annual meeting of stockholders (in the case of any update and supplement required to be made as of the record date); and (ii) seven business days prior to the date of the annual meeting of stockholders or any adjournment, postponement or other thereof (in the case of any update and supplement required to be made as of 10 business days prior to the annual meeting of stockholders). No notification, update or supplement provided pursuant to this Section 2.15(xi) or otherwise will be deemed to cure any defect in any previously provided information or communications or limit the remedies available to the corporation relating to any such defect (including the right to omit a Stockholder Nominee from its proxy materials).

-17-

(xii)    Disqualifications and Exclusions of Stockholder Nominees.

(a)    *Bases for Disqualifying or Excluding Stockholder Nominees*. Notwithstanding anything to the contrary in this Section 2.15, the corporation will not be required to include a Stockholder Nominee in its proxy materials (A) if the Eligible Stockholder who has nominated such Stockholder Nominee has engaged in or is currently engaged in, or has been or is a "participant" in another person's, "solicitation" (within the meaning of Rule 14a-1(*l*) under the Exchange Act (or any successor rule)) in support of the election of any individual as a director at the annual meeting of stockholders other than its Stockholder Nominees or a nominee of the board of directors; (B) who is not independent under the Applicable Independence Standards, as determined in good faith by the board of directors or any of its committees; (C) whose election as a member of the board of directors would cause the corporation to be in violation of these bylaws, the corporation's certificate of incorporation, the rules and listing standards of the principal exchange upon which the corporation's shares of common stock are listed or traded, or any applicable law, rule or regulation; (D) who is or has been, within the past three years, an officer or director of a competitor, as defined in Section 8 of the Clayton Antitrust Act of 1914; (E) who is a named subject of a pending criminal proceeding (excluding traffic violations and other minor offenses) or has been convicted in such a criminal proceeding within the past 10 years; (F) who is subject to any order of the type specified in Rule 506(d) of Regulation D promulgated under the Securities Act (or any successor rule); (G) if such Stockholder Nominee dies, becomes disabled or otherwise becomes ineligible for inclusion in the corporation's proxy materials pursuant to this Section 2.15 or otherwise becomes unavailable for election at the annual meeting of stockholders (including because such Stockholder Nominee is no longer willing to serve on the board of directors); (H) if such Stockholder Nominee or the Eligible Stockholder who has nominated such Stockholder Nominee has provided information to the corporation with respect to such nomination that was untrue in any material respect or omitted to state a material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading, as determined by the board of directors; (I) if such Stockholder Nominee or the Eligible Stockholder who has nominated such Stockholder Nominee otherwise contravenes any of the agreements or representations made by such Stockholder Nominee or Eligible Stockholder, as applicable, or fails to comply with its obligations pursuant to this Section 2.15; (J) if the Eligible Stockholder who has nominated such Stockholder Nominee ceases to be an Eligible Stockholder for any reason, including but not limited to not Owning the Required Shares through the date of the applicable annual meeting of stockholders; or (K) if such Stockholder Nominee and the Eligible Stockholder (or a representative thereof) or, in the case of a nomination by a group of stockholders, the representative designated by the group in accordance with Section 2.15(viii)(c), do not appear at the annual meeting of stockholders to, as applicable, present the Stockholder Nominee for election.

(b)    *Process Following Disqualification or Exclusion*. Following any determination in accordance with Section 2.15(xii)(a), (A) the corporation will not be required to include in its proxy materials any successor or replacement nominee proposed by the applicable Eligible Stockholder or any other Eligible Stockholder; (B) to the extent feasible, the corporation may remove the information concerning a Stockholder Nominee and any related Supporting Statement (or portion thereof) from its proxy materials or otherwise communicate to its stockholders that such Stockholder Nominee will not be eligible for election at the annual meeting of stockholders; and (C) the board of directors or the person presiding at the annual meeting of stockholders will declare the nomination of such Stockholder Nominee to be invalid and such nomination will be disregarded notwithstanding that proxies in support of such Stockholder Nominee may have been received by the corporation.

-18-

(c)     *Future Status of Withdrawn or Ineligible Stockholder Nominees*. Any Stockholder Nominee who is included in the corporation's proxy materials for an annual meeting of stockholders but either (A) withdraws from or becomes ineligible or unavailable for election at such annual meeting of stockholders or (B) does not receive at least 25% of the votes cast in favor of such Stockholder Nominee's election at such annual meeting of stockholders will be ineligible to be a Stockholder Nominee pursuant to this Section 2.15 for the next two annual meetings. For the avoidance of doubt, the preceding sentence will not prevent any stockholder from nominating any person to the board of directors pursuant to Article II, Section 2.4(ii).

(xiii)     *No Stockholder Nominees at Contested Annual Meetings*. Notwithstanding anything to the contrary in this Section 2.15, if the corporation receives notice pursuant to Article II, Section 2.4(ii) that any stockholder intends to nominate any person for election to the board of directors an annual meeting of stockholders, then the corporation will not include in its proxy materials any Stockholder Nominees at such annual meeting of stockholders.

(xiv)     *Filing Obligation*. The Eligible Stockholder (including any person or entity who Owns shares of common stock of the corporation that constitute part of the Ownership of such Eligible Stockholder for purposes of meeting the Required Shares) must file with the SEC any solicitation of the corporation's stockholders relating to the annual meeting of stockholders at which the Stockholder Nominee will be nominated, regardless of whether any such filing is required under Regulation 14A of the Exchange Act (or any successor rule) or whether any exemption from filing is available for such solicitation under Regulation 14A of the Exchange Act.

(xv)     *Omitted Disclosure by the Corporation*. Notwithstanding anything to the contrary contained in this Section 2.15, the corporation may omit from its proxy materials any information or Supporting Statement (or portion thereof) that it, in good faith, believes (i) is not true in all material respects or omits a material statement necessary to make such information or Supporting Statement (or portion thereof) not misleading; (ii) directly or indirectly impugns the character, integrity or personal reputation of, or directly or indirectly makes charges concerning improper, illegal or immoral conduct or associations, without factual foundation, with respect to, any person; or (iii) violates any applicable law, rule, regulation or listing standard.

(xvi)     *No Limitation on the Corporation*. Nothing in this Section 2.15 will limit the corporation's ability to (i) solicit against any Stockholder Nominee; (ii) include in its proxy materials its own statements or other information relating to any Eligible Stockholder or Stockholder Nominee (including any information provided to the corporation pursuant to this Section 2.15); or (iii) include in its proxy materials any Stockholder Nominee as a nominee of the board of directors.

(xvii)     *Board of Directors Has Exclusive Power to Interpret*. The board of directors or a committee appointed by the board of directors will have the exclusive power and authority to interpret the provisions of this Section 2.15 and make all determinations deemed necessary or advisable in connection with this Section 2.15. All interpretations and determinations by the board of directors or a committee appointed by the board of directors will be made in good faith and be final, conclusive and binding on the corporation, its stockholders and beneficial owners, and all other parties. All such actions, interpretations and determinations shall be final, conclusive and binding on the corporation, its stockholders and all other parties.

(xviii)  *Exclusive Method for Proxy Access*. This Section 2.15 provides the exclusive method for a stockholder to include nominees for election to the board of directors in the corporation's proxy materials.

# ARTICLE III - DIRECTORS

### 3.1    POWERS

The business and affairs of the corporation shall be managed by or under the direction of the board of directors, except as may be otherwise provided in the DGCL or the certificate of incorporation.

### 3.2    NUMBER OF DIRECTORS

The board of directors shall consist of one or more members, each of whom shall be a natural person. Unless the certificate of incorporation fixes the number of directors, the number of directors shall be determined from time to time by resolution of the board of directors. No reduction of the authorized number of directors shall have the effect of removing any director before that director's term of office expires.

### 3.3    ELECTION, QUALIFICATION AND TERM OF OFFICE OF DIRECTORS

Except as provided in Section 3.4 of these bylaws, each director, including a director elected to fill a vacancy, shall hold office until the expiration of the term for which elected and until such director's successor is elected and qualified or until such director's earlier death, resignation or removal. Directors need not be stockholders unless so required by the certificate of incorporation or these bylaws. The certificate of incorporation or these bylaws may prescribe other qualifications for directors.

### 3.4    RESIGNATION AND VACANCIES

Any director may resign at any time upon notice given in writing or by electronic transmission to the corporation. A resignation is effective when the resignation is delivered unless the resignation specifies a later effective date or an effective date determined upon the happening of an event or events. A resignation which is conditioned upon the director failing to receive a specified vote for reelection as a director may provide that it is irrevocable. Unless otherwise provided in the certificate of incorporation or these bylaws, when one or more directors resign from the board of directors, effective at a future date, a majority of the directors then in office, including those who have so resigned, shall have power to fill such vacancy or vacancies, the vote thereon to take effect when such resignation or resignations shall become effective.

Unless otherwise provided in the certificate of incorporation or these bylaws, vacancies and newly created directorships resulting from any increase in the authorized number of directors elected by all of the stockholders having the right to vote as a single class shall be filled only by a majority of the directors then in office, although less than a quorum, or by a sole remaining director. If the directors are divided into classes, a person so elected by the directors then in office to fill a vacancy or newly created directorship shall hold office until the next election of the class for which such director shall have been chosen and until his or her successor shall have been duly elected and qualified.

If at any time, by reason of death or resignation or other cause, the corporation should have no directors in office, then any officer or any stockholder or an executor, administrator, trustee or guardian of a stockholder, or other fiduciary entrusted with like responsibility for the person or estate of a stockholder, may call a special meeting of stockholders in accordance with the provisions of the certificate of incorporation or these bylaws, or may apply to the Delaware Court of Chancery for a decree summarily ordering an election as provided in Section 211 of the DGCL.

https://www.sec.gov/Archives/edgar/data/1418091/000141809122000029/twtr2021ex32.htm

If, at the time of filling any vacancy or any newly created directorship, the directors then in office constitute less than a majority of the whole board of directors (as constituted immediately prior to any such increase), the Court of Chancery may, upon application of any stockholder or stockholders holding at least 10% of the voting power of the voting stock at the time outstanding having the right to vote for such directors, summarily order an election to be held to fill any such vacancies or newly created directorships, or to replace the directors chosen by the directors then in office as aforesaid, which election shall be governed by the provisions of Section 211 of the DGCL as far as applicable.

3.5   PLACE OF MEETINGS; MEETINGS BY TELEPHONE

The board of directors may hold meetings, both regular and special, either within or outside the State of Delaware.

Unless otherwise restricted by the certificate of incorporation or these bylaws, members of the board of directors, or any committee designated by the board of directors, may participate in a meeting of the board of directors, or any committee, by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and such participation in a meeting shall constitute presence in person at the meeting.

3.6   REGULAR MEETINGS

Regular meetings of the board of directors may be held without notice at such time and at such place as shall from time to time be determined by the board of directors.

3.7   SPECIAL MEETINGS; NOTICE

Special meetings of the board of directors for any purpose or purposes may be called at any time by the chairperson of the board of directors, the chief executive officer, the secretary or a majority of the authorized number of directors, at such times and places as he or she or they shall designate.

Notice of the time and place of special meetings shall be:

        (i)     delivered personally by hand, by courier or by telephone;

        (ii)    sent by United States first-class mail, postage prepaid;

        (iii)   sent by facsimile;

        (iv)   sent by electronic mail; or

        (v)    otherwise given by electronic transmission (as defined in Section 232 of the DGCL),

directed to each director at that director's address, telephone number, facsimile number, electronic mail address or other contact for notice by electronic transmission, as the case may be, as shown on the corporation's records.

If the notice is (i) delivered personally by hand, by courier or by telephone, (ii) sent by facsimile (iii) sent by electronic mail or (iv) otherwise given by electronic transmission, it shall be delivered, sent or otherwise directed to each director, as applicable, at least 24 hours before the time of the holding of the meeting. If the notice is sent by United States mail, it shall be

-21-

deposited in the United States mail at least four days before the time of the holding of the meeting. Any oral notice may be communicated to the director. The notice need not specify the place of the meeting (if the meeting is to be held at the corporation's principal executive office) nor the purpose of the meeting, unless required by statute.

### 3.8   QUORUM; VOTING

At all meetings of the board of directors, a majority of the total authorized number of directors shall constitute a quorum for the transaction of business. If a quorum is not present at any meeting of the board of directors, then the directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum is present. A meeting at which a quorum is initially present may continue to transact business notwithstanding the withdrawal of directors, if any action taken is approved by at least a majority of the required quorum for that meeting.

The affirmative vote of a majority of the directors present at any meeting at which a quorum is present shall be the act of the board of directors, except as may be otherwise specifically provided by statute, the certificate of incorporation or these bylaws.

If the certificate of incorporation provides that one or more directors shall have more or less than one vote per director on any matter, every reference in these bylaws to a majority or other proportion of the directors shall refer to a majority or other proportion of the votes of the directors.

### 3.9   BOARD ACTION BY WRITTEN CONSENT WITHOUT A MEETING

Unless otherwise restricted by the certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the board of directors, or of any committee thereof, may be taken without a meeting if all members of the board of directors or committee, as the case may be, consent thereto in writing or by electronic transmission. Any person (whether or not then a director) may provide, whether through instruction to an agent or otherwise, that a consent to action will be effective at a future time (including a time determined upon the happening of an event), no later than 60 days after such instruction is given or such provision is made and such consent shall be deemed to have been given for purposes of this Section 3.9 at such effective time so long as such person is then a director and did not revoke the consent prior to such time. Any such consent shall be revocable prior to its becoming effective.

### 3.10   FEES AND COMPENSATION OF DIRECTORS

Unless otherwise restricted by the certificate of incorporation or these bylaws, the board of directors shall have the authority to fix the compensation of directors.

### 3.11   REMOVAL OF DIRECTORS

Any director may be removed from office by the stockholders of the corporation in the manner specified in the certificate of incorporation and applicable law.

No reduction of the authorized number of directors shall have the effect of removing any director prior to the expiration of such director's term of office.

-22-

## ARTICLE IV - COMMITTEES

### 4.1   COMMITTEES OF DIRECTORS

The board of directors may designate one or more committees, each committee to consist of one or more of the directors of the corporation. The board of directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of a committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the board of directors to act at the meeting in the place of any such absent or disqualified member. Any such committee, to the extent provided in the resolution of the board of directors or in these bylaws, shall have and may exercise all the powers and authority of the board of directors in the management of the business and affairs of the corporation, and may authorize the seal of the corporation to be affixed to all papers that may require it; but no such committee shall have the power or authority to (i) approve or adopt, or recommend to the stockholders, any action or matter (other than the election or removal of directors) expressly required by the DGCL to be submitted to stockholders for approval, or (ii) adopt, amend or repeal any bylaw of the corporation.

### 4.2   COMMITTEE MINUTES

Each committee and subcommittee shall keep regular minutes of its meetings.

### 4.3   MEETINGS AND ACTION OF COMMITTEES

Meetings and actions of committees and subcommittees shall be governed by, and held and taken in accordance with, the provisions of:

   (i)      Section 3.5 (place of meetings and meetings by telephone);

   (ii)     Section 3.6 (regular meetings);

   (iii)    Section 3.7 (special meetings and notice);

   (iv)     Section 3.8 (quorum; voting);

   (v)      Section 7.4 (waiver of notice); and

   (vi)     Section 3.9 (action without a meeting)

with such changes in the context of those bylaws as are necessary to substitute the committee or subcommittee and its members for the board of directors and its members. *However:*

   (i)      the time and place of regular meetings of committees or subcommittees may be determined either by resolution of the board of directors or by resolution of the committee or subcommittee;

   (ii)     special meetings of committees or subcommittee may also be called by resolution of the board of directors or the committee or the subcommittee; and

https://www.sec.gov/Archives/edgar/data/1418091/000141809122000029/twtr2021ex32.htm                    37/50

(iii)    notice of special meetings of committees or subcommittees shall also be given to all alternate members, who shall have the right to attend all meetings of the committee or subcommittee. The board of directors or a committee may adopt rules for the government of any committee not inconsistent with the provisions of these bylaws.

Any provision in the certificate of incorporation providing that one or more directors shall have more or less than one vote per director on any matter shall apply to voting in any committee or subcommittee, unless otherwise provided in the certificate of incorporation or these bylaws.

## 4.4    SUBCOMMITTEES

Unless otherwise provided in the certificate of incorporation, these bylaws or the resolutions of the board of directors designating the committee, a committee may create one or more subcommittees, each subcommittee to consist of one or more members of the committee, and delegate to a subcommittee any or all of the powers and authority of the committee.

## ARTICLE V - OFFICERS

### 5.1    OFFICERS

The officers of the corporation shall be a chief executive officer and/or president and a secretary. The corporation may also have, at the discretion of the board of directors, a chairperson of the board of directors, a vice chairperson of the board of directors, a chief executive officer, a chief financial officer or treasurer, one or more vice presidents, one or more assistant vice presidents, one or more assistant treasurers, one or more assistant secretaries, and any such other officers as may be appointed in accordance with the provisions of these bylaws. Any number of offices may be held by the same person.

### 5.2    APPOINTMENT OF OFFICERS

The board of directors shall appoint the officers of the corporation, except such officers as may be appointed in accordance with the provisions of Section 5.3 of these bylaws, subject to the rights, if any, of an officer under any contract of employment.

### 5.3    SUBORDINATE OFFICERS

The board of directors may appoint, or empower the chief executive officer or, in the absence of a chief executive officer, another officer, to appoint such other officers as the business of the corporation may require. Each of such officers shall hold office for such period, have such authority, and perform such duties as are provided in these bylaws or as the board of directors may from time to time determine.

### 5.4    REMOVAL AND RESIGNATION OF OFFICERS

Subject to the rights, if any, of an officer under any contract of employment, any officer may be removed, either with or without cause, by the board of directors or, for the avoidance of doubt, any duly authorized committee or subcommittee thereof or by any officer upon whom such power of removal may be conferred by the board of directors.

-24-

Any officer may resign at any time by giving notice, in writing or by electronic transmission, to the corporation. Any resignation shall take effect at the date of the receipt of that notice or at any later time specified in that notice. Unless otherwise specified in the notice of resignation, the acceptance of the resignation shall not be necessary to make it effective. Any resignation is without prejudice to the rights, if any, of the corporation under any contract to which the officer is a party.

5.5    VACANCIES IN OFFICES

Any vacancy occurring in any office of the corporation shall be filled by the board of directors or as provided in Section 5.3.

5.6    REPRESENTATION OF SECURITIES OF OTHER ENTITIES

The chairperson of the board of directors, the chief executive officer and/or president, any vice president, the treasurer, the secretary or assistant secretary of this corporation, or any other person authorized by the board of directors or the chief executive officer and/or president or a vice president, is authorized to vote, represent, and exercise on behalf of this corporation all rights incident to any and all shares or other securities of any other entity or entities, and all rights incident to any management authority conferred on the corporation in accordance with the governing documents of any entity or entities, standing in the name of this corporation, including the right to act by written consent. The authority granted herein may be exercised either by such person directly or by any other person authorized to do so by proxy or power of attorney duly executed by such person having the authority.

5.7    AUTHORITY AND DUTIES OF OFFICERS

All officers of the corporation shall respectively have such authority and perform such duties in the management of the business of the corporation as may be designated from time to time by the board of directors and, to the extent not so provided, as generally pertain to their respective offices, subject to the control of the board of directors.

**ARTICLE VI - STOCK**

6.1    STOCK CERTIFICATES; PARTLY PAID SHARES

The shares of the corporation shall be represented by certificates, provided that the board of directors may provide by resolution or resolutions that some or all of any or all classes or series of its stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is surrendered to the corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of, the corporation by any two officers of the corporation representing the number of shares registered in certificate form. Any or all of the signatures on the certificate may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate has ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue. The corporation shall not have power to issue a certificate in bearer form.

-25-

The corporation may issue the whole or any part of its shares as partly paid and subject to call for the remainder of the consideration to be paid therefor. Upon the face or back of each stock certificate issued to represent any such partly-paid shares, or upon the books and records of the corporation in the case of uncertificated partly-paid shares, the total amount of the consideration to be paid therefor and the amount paid thereon shall be stated. Upon the declaration of any dividend on fully-paid shares, the corporation shall declare a dividend upon partly-paid shares of the same class, but only upon the basis of the percentage of the consideration actually paid thereon.

### 6.2    SPECIAL DESIGNATION ON CERTIFICATES

If the corporation is authorized to issue more than one class of stock or more than one series of any class, then the powers, the designations, the preferences, and the relative, participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights shall be set forth in full or summarized on the face or back of the certificate that the corporation shall issue to represent such class or series of stock; *provided, however,* that, except as otherwise provided in Section 202 of the DGCL, in lieu of the foregoing requirements there may be set forth on the face or back of the certificate that the corporation shall issue to represent such class or series of stock, a statement that the corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences and relative, participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights. Within a reasonable time after the issuance or transfer of uncertificated stock, the corporation shall give the registered owner thereof a notice, in writing or by electronic transmission, containing the information required to be set forth or stated on certificates pursuant to this section 6.2 or Sections 151, 156, 202(a) or 218(a) of the DGCL or with respect to this section 6.2 a statement that the corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences and relative, participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights. Except as otherwise expressly provided by law, the rights and obligations of the holders of uncertificated stock and the rights and obligations of the holders of certificates representing stock of the same class and series shall be identical.

### 6.3    LOST CERTIFICATES

Except as provided in this Section 6.3, no new certificates for shares shall be issued to replace a previously issued certificate unless the latter is surrendered to the corporation and cancelled at the same time. The corporation may issue a new certificate of stock or uncertificated shares in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate or uncertificated shares.

-26-

## 6.4    DIVIDENDS

The board of directors, subject to any restrictions contained in the certificate of incorporation or applicable law, may declare and pay dividends upon the shares of the corporation's capital stock.

The board of directors may set apart out of any of the funds of the corporation available for dividends a reserve or reserves for any proper purpose and may abolish any such reserve. Such purposes shall include but not be limited to equalizing dividends, repairing or maintaining any property of the corporation, and meeting contingencies.

## 6.5    TRANSFER OF STOCK

Transfers of record of shares of stock of the corporation shall be made only upon its books by the holders thereof, in person or by an attorney duly authorized, and, subject to Section 6.3 of these bylaws, if such stock is certificated, upon the surrender of a certificate or certificates for a like number of shares, properly endorsed or accompanied by proper evidence of succession, assignation or authority to transfer.

## 6.6    STOCK TRANSFER AGREEMENTS

The corporation shall have power to enter into and perform any agreement with any number of stockholders of any one or more classes of stock of the corporation to restrict the transfer of shares of stock of the corporation of any one or more classes owned by such stockholders in any manner not prohibited by the DGCL.

## 6.7    REGISTERED STOCKHOLDERS

The corporation:

(i)    shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, notices and and to vote as such owner;

(ii)    shall be entitled to hold liable for calls and assessments the person registered on its books as the owner of shares; and

(iii)    shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of another person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Delaware.

-27-

## ARTICLE VII - MANNER OF GIVING NOTICE AND WAIVER

### 7.1    NOTICE OF STOCKHOLDERS' MEETINGS

Notice of any meeting of stockholders shall be given in the manner set forth in the DGCL.

### 7.2    NOTICE TO STOCKHOLDERS SHARING AN ADDRESS

Except as otherwise prohibited under the DGCL, without limiting the manner by which notice otherwise may be given effectively to stockholders, any notice to stockholders given by the corporation under the provisions of the DGCL, the certificate of incorporation or these bylaws shall be effective if given by a single written notice to stockholders who share an address if consented to by the stockholders at that address to whom such notice is given. Any such consent shall be revocable by the stockholder by written notice to the corporation. Any stockholder who fails to object in writing to the corporation, within 60 days of having been given written notice by the corporation of its intention to send the single notice, shall be deemed to have consented to receiving such single written notice. This Section 7.2 shall not apply to Sections 164, 296, 311, 312 or 324 of the DGCL.

### 7.3    NOTICE TO PERSON WITH WHOM COMMUNICATION IS UNLAWFUL

Whenever notice is required to be given, under the DGCL, the certificate of incorporation or these bylaws, to any person with whom communication is unlawful, the giving of such notice to such person shall not be required and there shall be no duty to apply to any governmental authority or agency for a license or permit to give such notice to such person. Any action or meeting which shall be taken or held without notice to any such person with whom communication is unlawful shall have the same force and effect as if such notice had been duly given. In the event that the action taken by the corporation is such as to require the filing of a certificate under the DGCL, the certificate shall state, if such is the fact and if notice is required, that notice was given to all persons entitled to receive notice except such persons with whom communication is unlawful.

### 7.4    WAIVER OF NOTICE

Whenever notice is required to be given under any provision of the DGCL, the certificate of incorporation or these bylaws, a written waiver, signed by the person entitled to notice, or a waiver by electronic transmission by the person entitled to notice, whether before or after the time of the event for which notice is to be given, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the stockholders need be specified in any written waiver of notice or any waiver by electronic transmission unless so required by the certificate of incorporation or these bylaws.

-28-

## ARTICLE VIII - FORUM FOR CERTAIN ACTIONS

To the fullest extent permitted by applicable law:

(A) Unless the corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware (or, if the Court of Chancery does not have jurisdiction, another State court in Delaware or the federal district court for the District of Delaware) shall, to the fullest extent permitted by law, be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the corporation, (ii) any action asserting a claim of breach of a fiduciary duty owed by, or otherwise wrongdoing by, any director, stockholder, officer or other employee of the corporation to the corporation or the corporation's stockholders, (iii) any action arising pursuant to any provision of the DGCL or the certificate of incorporation or these bylaws (as either may be amended from time to time), (iv) any action to interpret, apply, enforce or determine the validity of the certificate of incorporation or these bylaws (as either may be amended from time to time), or (v) any action asserting a claim governed by the internal affairs doctrine, except for, as to each of (i) through (v) above, any claim as to which such court determines that there is an indispensable party not subject to the jurisdiction of such court (and the indispensable party does not consent to the personal jurisdiction of such court within ten (10) days following such determination), which is vested in the exclusive jurisdiction of a court or forum other than such court, or for which such court does not have subject matter jurisdiction. For the avoidance of doubt, this Article VIII, Part (A) shall not apply to any action brought to enforce a duty or liability created by the Securities Act of 1933, or any successor thereto (the "**Securities Act**") or the 1934 Act.

(B) Unless the corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the sole and exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act.

## ARTICLE IX - INDEMNIFICATION

### 9.1    INDEMNIFICATION OF DIRECTORS AND OFFICERS IN THIRD PARTY PROCEEDINGS

Subject to the other provisions of this Article IX, the corporation shall indemnify, to the fullest extent permitted by the DGCL, as now or hereinafter in effect, any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (a "**Proceeding**") (other than an action by or in the right of the corporation) by reason of the fact that such person is or was a director or officer of the corporation, or is or was a director or officer of the corporation serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with such Proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe such person's conduct was unlawful. The termination of any Proceeding by judgment, order, settlement, conviction, or upon a plea of *nolo contendere* or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which such person reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that such person's conduct was unlawful.

-29-

9.2    INDEMNIFICATION OF DIRECTORS AND OFFICERS IN ACTIONS BY OR IN THE RIGHT OF THE CORPORATION

Subject to the other provisions of this Article IX, the corporation shall indemnify, to the fullest extent permitted by the DGCL, as now or hereinafter in effect, any person who was or is a party or is threatened to be made a party to any threatened, pending or completed Proceeding by or in the right of the corporation to procure a judgment in its favor by reason of the fact that such person is or was a director or officer of the corporation, or is or was a director or officer of the corporation serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection with the defense or settlement of such Proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the corporation; except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation unless and only to the extent that the Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

9.3    SUCCESSFUL DEFENSE

To the extent that a present or former director or officer (for purposes of this Section 9.3 only, as such term is defined in Section 145(c)(1) of the DGCL) of the corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding described in Section 9.1 or Section 9.2, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith. The corporation may indemnify any other person who is not a present or former director or officer of the corporation against expenses (including attorneys' fees) actually and reasonably incurred by such person to the extent he or she has been successful on the merits or otherwise in defense of any suit or proceeding described in Section 9.1 or Section 9.2, or in defense of any claim, issue or matter therein.

9.4    INDEMNIFICATION OF OTHERS

Subject to the other provisions of this Article IX, the corporation shall have power to indemnify its employees and agents, or any other persons, to the extent not prohibited by the DGCL or other applicable law. The board of directors shall have the power to delegate to any person or persons identified in subsections (1) through (4) of Section 145(d) of the DGCL the determination of whether employees or agents shall be indemnified.

-30-

9.5    ADVANCE PAYMENT OF EXPENSES

Expenses (including attorneys' fees) actually and reasonably incurred by an officer or director of the corporation in defending any Proceeding shall be paid by the corporation in advance of the final disposition of such Proceeding upon receipt of a written request therefor (together with documentation reasonably evidencing such expenses) and an undertaking by or on behalf of the person to repay such amounts if it shall ultimately be determined that the person is not entitled to be indemnified under this Article IX or the DGCL. Such expenses (including attorneys' fees) actually and reasonably incurred by former directors and officers or other employees and agents of the corporation or by persons serving at the request of the corporation as directors, officers, employees or agents of another corporation, partnership, joint venture, trust or other enterprise may be so paid upon such terms and conditions, if any, as the corporation deems appropriate. The right to advancement of expenses shall not apply to any Proceeding for which indemnity is excluded pursuant to these bylaws, but shall apply to any Proceeding (or any part of any Proceeding) referenced in Section 9.6(ii) or 9.6(iii) prior to a determination that the person is not entitled to be indemnified by the corporation.

9.6    LIMITATION ON INDEMNIFICATION

Subject to the requirements in Section 9.3 and the DGCL, the corporation shall not be obligated to indemnify any person pursuant to this Article IX in connection with any Proceeding (or any part of any Proceeding):

(i)    for which payment has actually been made to or on behalf of such person under any statute, insurance policy, indemnity provision, vote or otherwise, except with respect to any excess beyond the amount paid;

(ii)    for an accounting or disgorgement of profits pursuant to Section 16(b) of the 1934 Act, or similar provisions of federal, state or local statutory law or common law, if such person is held liable therefor (including pursuant to any settlement arrangements);

(iii)    for any reimbursement of the corporation by such person of any bonus or other incentive-based or equity-based compensation or of any profits realized by such person from the sale of securities of the corporation, as required in each case under the 1934 Act (including any such reimbursements that arise from an accounting restatement of the corporation pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 (the "**Sarbanes-Oxley Act**"), or the payment to the corporation of profits arising from the purchase and sale by such person of securities in violation of Section 306 of the Sarbanes-Oxley Act), if such person is held liable therefor (including pursuant to any settlement arrangements);

(iv)    initiated by such person, including any Proceeding (or any part of any Proceeding) initiated by such person against the corporation or its directors, officers, employees, agents or other indemnitees, unless (a) the board of directors authorized the Proceeding (or the relevant part of the Proceeding) prior to its initiation, (b) the corporation provides the indemnification, in its sole discretion, pursuant to the powers vested in the corporation under applicable law, (c) otherwise required to be made under Section 9.7 or (d) otherwise required by applicable law; or

-31-

(v)    if prohibited by applicable law; provided, however, that if any provision or provisions of this Article IX shall be held to be invalid, illegal or unenforceable for any reason whatsoever: (1) the validity, legality and enforceability of the remaining provisions of this Article IX (including, without limitation, each portion of any paragraph or clause containing any such provision held to be invalid, illegal or unenforceable, that is not itself held to be invalid, illegal or unenforceable) shall not in any way be affected or impaired thereby; and (2) to the fullest extent possible, the provisions of this Article IX (including, without limitation, each such portion of any paragraph or clause containing any such provision held to be invalid, illegal or unenforceable) shall be construed so as to give effect to the intent manifested by the provision held invalid, illegal or unenforceable.

9.7    DETERMINATION; CLAIM

If a claim for indemnification or advancement of expenses under this Article IX is not paid in full within 90 days after receipt by the corporation of the written request therefor, the claimant shall be entitled to an adjudication by a court of competent jurisdiction of his or her entitlement to such indemnification or advancement of expenses. The corporation shall indemnify such person against any and all expenses that are actually and reasonably incurred by such person in connection with any action for indemnification or advancement of expenses from the corporation under this Article IX, to the extent such person is successful in such action, and to the extent not prohibited by law. In any such suit, the corporation shall, to the fullest extent not prohibited by law, have the burden of proving that the claimant is not entitled to the requested indemnification or advancement of expenses.

9.8    NON-EXCLUSIVITY OF RIGHTS

The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IX shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under the certificate of incorporation or any statute, bylaw, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office. The corporation is specifically authorized to enter into individual contracts with any or all of its directors, officers, employees or agents respecting indemnification and advancement of expenses, to the fullest extent not prohibited by the DGCL or other applicable law.

9.9    INSURANCE

The corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the corporation would have the power to indemnify such person against such liability under the provisions of the DGCL.

-32-

## 9.10    SURVIVAL

The rights to indemnification and advancement of expenses conferred by this Article IX shall continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

## 9.11    EFFECT OF REPEAL OR MODIFICATION

A right to indemnification or to advancement of expenses arising under a provision of the certificate of incorporation or a bylaw shall not be eliminated or impaired by an amendment to or repeal or elimination of the certificate of incorporation or these bylaws after the occurrence of the act or omission that is the subject of the civil, criminal, administrative or investigative action, suit or proceeding for which indemnification or advancement of expenses is sought, unless the provision in effect at the time of such act or omission explicitly authorizes such elimination or impairment after such action or omission has occurred.

## 9.12    CERTAIN DEFINITIONS

For purposes of this Article IX, references to the "**corporation**" shall include, in addition to the resulting corporation, any constituent corporation (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors, officers, employees or agents, so that any person who is or was a director, officer, employee or agent of such constituent corporation, or is or was serving at the request of such constituent corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, shall stand in the same position under the provisions of this Article IX with respect to the resulting or surviving corporation as such person would have with respect to such constituent corporation if its separate existence had continued. For purposes of this Article IX, references to "**other enterprises**" shall include employee benefit plans; references to "**fines**" shall include any excise taxes assessed on a person with respect to an employee benefit plan; and references to "**serving at the request of the corporation**" shall include any service as a director, officer, employee or agent of the corporation which imposes duties on, or involves services by, such director, officer, employee or agent with respect to an employee benefit plan, its participants or beneficiaries; and a person who acted in good faith and in a manner such person reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "**not opposed to the best interests of the corporation**" as referred to in this Article IX.

## ARTICLE X - GENERAL MATTERS

## 10.1    EXECUTION OF CORPORATE CONTRACTS AND INSTRUMENTS

Except as otherwise provided by law, the certificate of incorporation or these bylaws, the board of directors may authorize any officer or officers, or agent or agents, to enter into any contract or execute any document or instrument in the name of and on behalf of the corporation; such authority may be general or confined to specific instances. Unless so authorized or ratified by the board of directors or within the agency power of an officer, no officer, agent or employee shall have any power or authority to bind the corporation by any contract or engagement or to pledge its credit or to render it liable for any purpose or for any amount.

## 10.2    FISCAL YEAR

The fiscal year of the corporation shall be fixed by resolution of the board of directors and may be changed by the board of directors.

-33-

10.3     SEAL

The corporation may adopt a corporate seal, which shall be adopted and which may be altered by the board of directors. The corporation may use the corporate seal by causing it or a facsimile thereof to be impressed or affixed or in any other manner reproduced.

10.4     CONSTRUCTION; DEFINITIONS

Unless the context requires otherwise, the general provisions, rules of construction, and definitions in the DGCL shall govern the construction of these bylaws. Without limiting the generality of this provision, the singular number includes the plural, the plural number includes the singular, and the term "**person**" includes a corporation, partnership, limited liability company, joint venture, trust or other enterprise, and a natural person. Any reference in these bylaws to a section of the DGCL shall be deemed to refer to such section as amended from time to time and any successor provisions thereto.

## ARTICLE XI - AMENDMENTS

These bylaws may be adopted, amended or repealed by the stockholders entitled to vote; provided, however, that the affirmative vote of the holders of at least eighty percent (80%) of the total voting power of outstanding voting securities, voting together as a single class, shall be required for the stockholders of the corporation to alter, amend or repeal, or adopt any provision of these bylaws. The board of directors shall also have the power to adopt, amend or repeal bylaws.

A bylaw amendment adopted by stockholders which specifies the votes that shall be necessary for the election of directors shall not be further amended or repealed by the board of directors.

-34-

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 23rd day of August 2022.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  _/s/ Joseph C. Sarles_
　　　Alex Spiro
　　　Michael T. Lifrak
　　　Joseph C. Sarles
　　　Alex Bergjans
　　　Aubrey L. Jones

　　　*Attorneys for Elon Musk,  X HOLDINGS I, INC.,*
　　　*and X HOLDINGS II, INC.*