UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HERESNIAK,<br><br>    Plaintiff,<br><br>    v.<br><br>ELON R MUSK, et al.,<br><br>    Defendants. | Case No. 22-cv-03074-CRB (SK)<br><br>**ORDER DENYING MOTION TO EXPEDITE DISCOVERY**<br><br>Regarding Docket No. 26 |

On August 12, 2022, Plaintiff filed a motion to expedite and coordinate discovery with an action pending in Delaware Chancery Court, *Twitter, Inc. v. Musk. et al.*, C.A. No. 2022-0613 KSJM (the "Delaware action"). (Dkt. No. 26.) Plaintiff simultaneously filed an *ex parte* application to modify the ordinary briefing schedule for the motion to expedite discovery. (Dkt. No. 27.) In the alternative, Plaintiff requested that the Court order Defendants to participate in a conference pursuant to Federal Rule of Civil Procedure 26(f) earlier than required and/or that the Court order Defendants to share all discovery in the Delaware action with Plaintiff in this action. The case was then referred for discovery purposes to the Undersigned. (Dkt. No. 28.) The Court set a briefing schedule for the motion to expedite discovery. (Dkt. No. 31.) The application to modify the briefing schedule is therefore HEREBY DENIED as MOOT.

Per the Court's order, Defendant Twitter, Inc. ("Twitter") filed an opposition to the motion to expedite discovery on August 23, 2022. (Dkt. No. 35.) Defendants Elon R. Musk ("Musk"), X Holdings II, Inc. ("XHII"), and X Holdings I, Inc. ("XHI") filed an opposition on the same date. The Court refers to all Defendants collectively as "Defendants." Having considered the submissions of the parties, the Court HEREBY DENIES the motion to expedite and coordinate discovery, DENIES the motion for an expedited Rule 26(f) conference, and DENIES WITHOUT PREJUDICE the request to obtain all discovery from the Delaware action, for the reasons set forth

below.

**A.      Background.**

On April 25, 2022, Elon Musk, "acting through and with his solely-owned entities [XHI and XHII] agreed buy Twitter for $54.20 per share in cash, for a total of about $44 billion." (Dkt. No. 26-1 (Redenbarger Decl. Ex. A, ¶ 3).)  Plaintiff filed this suit on May 25, 2022, against Defendants Musk and Twitter.  (Dkt. No. 1.)  In his original Complaint, Plaintiff, a Twitter shareholder in his proposed class action on behalf of all of Twitter's shareholders, alleged that Musk harmed Twitter's shareholders by engaging in manipulative transactions and/or made or materially participated in making" false and misleading statements in violation of Cal. Corp. Code §§ 25400 and 25500.  (*Id*.)  Plaintiff also alleged that Musk violated Cal. Corp. Code §§ 25401 and 25501 by making false statements or omitting material information in his offer to purchase securities from Plaintiff and proposed class members.  (*Id*.)  Plaintiff sought declarative and injunctive relief against all defendants in an unspecified manner.  (*Id*.)  Plaintiff alleged that both Musk and Twitter were liable under Cal. Corp. Code §§ 25402 and 25502.5 because Musk purchased Twitter's securities when he knew material information that could significantly affect the market price, and Plaintiff sought declaratory judgment that Twitter has an obligation to investigate Musk's conduct and take action. (*Id*.)  Finally, Plaintiff asserted unjust enrichment against Musk.  (*Id*.)  Plaintiff did not serve that original complaint.

Plaintiff then filed a First Amended Complaint ("FAC") on July 1, 2022.  (Dkt. No. 7.)  The FAC alleges three claims against three defendants.  First, the FAC alleges a class action claim for aiding and abetting breach of fiduciary duty against Musk, XHI, and XHII.  (*Id.* ¶¶ 155-162.)  Although Plaintiff does not name them as defendants, Plaintiff alleges that Jack Dorsey and Egon Durban, who are directors of Twitter, breached their fiduciary duties to Twitter and that the named Defendants aided and abetted Dorsey and Egon Durban.  (*Id.* ¶ 105.)  Second, Plaintiff alleges an individual claim against Musk, XHI, XHII, and Twitter for declaratory and injunctive relief under California law:

> Defendants Musk and X Holdings I, Inc. and X Holdings II, Inc
> signed a binding contract to buy Plaintiff's stock for $54.20.  But
> Defendant Musk thereafter publicly stated that the Buyout is

> "temporarily on hold" and "cannot go forward" until certain conditions are met.
>
> [. . . ] The conditions that Musk stated be met before the Buyout can go forward to not appear to be part of the contract he signed with Twitter, Inc.  Plaintiff thus seeks a declaration concerning these s facts and issues and the parties' respective rights and obligations. Plaintiff also seeks appropriate injunctive relief to be determined by the Court.

(*Id*. ¶¶ 164-165.)  Finally, Plaintiff alleges a claim for unjust enrichment under Delaware law against Musk alone.  (*Id*. ¶¶ 166-169.)  Plaintiff has not sought a temporary restraining order or a preliminary injunction in this action.

On July 12, 2022, Twitter sued Musk, XHI, and XHII in the Delaware action for specific performance to enforce the merger agreement.  (Dkt. No. 26-1 (Redenbarger Decl. Ex. A).)  The merger agreement called for the purchase by October 24, 2022.  (*Id*.)  On July 29, 2022, the Delaware Chancery Court set a trial date of October 17, 2022, on an expedited basis, with all discovery to be completed by September 12, 2022.  (Dkt. Nos. 26, 36.)

On July 28, 2022, the parties in this action agreed to extend the deadline for Defendants' motions to dismiss to September 9, 2022, with a hearing date of November 21, 2022.  (Dkt. No. 20.)

After the Court in the Delaware action ordered that discovery be expedited there, in late July 2022, Plaintiff sked that the parties expedite and coordinate discovery in this action with the Delaware action and that Defendants provide Plaintiff with all discovery from the Delaware action.  (Dkt. No. 36-1 (Sarles Decl. ¶ 2).)  Plaintiff claimed that he needed the expedited discovery to determine what type of preliminary injunction he would seek int his action.  (*Id.*)

On August 10, 2022, before the Rule 26(f) conference, Plaintiff served his First Requests for Production of Documents in which he seeks all discovery in the Delaware action.  (Dkt. No. 36-1 (Sarles Decl. Ex. 2).)

**B.     Analysis.**

Plaintiff does not meet the standards for expedited discovery in this action.  In considering whether to grant expedited discovery, courts consider the following factors:

3

> (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2019). Here, there is no preliminary injunction pending. Although Plaintiff claims that he needs the discovery now for a contemplated motion for preliminary injunction, he provides no explanation for what he plans to seek in that motion. Plaintiff also does not deny that he told Defendants in earlier discussion that he wanted to see the discovery before determining what type of relief to seek. Thus, the first factor weighs against expedited discovery. Second, the breadth of the discovery requests is broad, as Plaintiff seeks everything produced and every deposition transcript in the Delaware action. The third and fourth factors are combined: the purpose for seeking expedited discovery is ostensibly to increase efficiency and decrease duplicative work, but here, given the extremely tight schedule the Court in the Delaware action set, production here would, at least in the short term, be very burdensome to Defendants. The schedule in the Delaware action is extremely fast-paced, particularly for a case of its magnitude, with the parties ordered to conclude discovery only two months after filing of the suit and go to trial only three months after filing suit. Adding an additional Plaintiff to that rapid process would substantially increase the burden on the parties in the Delaware action. Finally, Plaintiff made this request far in advance of the typical discovery process, as the time for a Rule 26(f) conference has not even occurred. All of these factors weigh against expedited discovery.

Separately, the Court considers Plaintiff's request that the Court coordinate discovery in this matter with the discovery in the Delaware action. The Court declines to do so, again because of the speed in which the discovery and trial are taking place in the Delaware action and the increased burden that requiring coordination will create.

Plaintiff seeks an early Rule 26(f) conference, but again, there is no justification for advancing the schedule. Plaintiffs seek an order that Defendants must produce all discovery from the Delaware action. That request is premature. It is not clear whether the Delaware action and this action will have perfect unity of interests that would make all of the Delaware action discovery relevant to this action. Until this case progresses and until the Delaware action

4

concludes, it is difficult to determine what claims, if any, Plaintiff will have remaining.  If, at a later point in this litigation on the regular schedule for discovery, Plaintiff seeks this information, Plaintiff can seek this information by following the regular procedure to compel production, i.e., after Defendants respond, after meeting and conferring, and with a discovery letter brief pursuant to this Court's Standing Order.

**IT IS SO ORDERED**.

Dated: August 31, 2022



SALLIE KIM
United States Magistrate Judge