Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Fax: (415) 616-1199
Email: Daniel.Laguardia@shearman.com

Adam S. Hakki (admitted *pro hac vice*)
Paula H. Anderson (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Fax: (212) 848-7179
Email: Adam.Hakki@shearman.com
        Paula.Anderson@shearman.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM HERESNIAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELON R. MUSK, X HOLDINGS I, INC., X HOLDINGS II, INC., and TWITTER, INC.,<br><br>Defendants. | Case No. 3:22-cv-03074<br><br>**DEFENDANT TWITTER, INC.'S JOINDER IN THE MUSK DEFENDANTS' MOTIONS TO STAY DISCOVERY** |

Defendant Twitter, Inc. ("Twitter") joins in the motions to stay discovery filed by Defendants Elon R. Musk ("Musk"), X Holdings I, Inc., and X Holdings II, Inc. (collectively, the "Musk Defendants")[1] with respect to the request that the Court stay discovery pending the final resolution of *Twitter, Inc. v. Elon R. Musk et al.*, C.A. No. 2022-0613 (Del. Ch.) (the "Twitter Delaware Action") and *Luigi Crispo v. Elon R. Musk et al.*, C.A. No. 2022-0666 (Del. Ch.) (the "Stockholder Delaware Action"), or alternatively, pending a decision on Defendants' motions to dismiss. *See* Dkt. 38 at 13; Dkt. 39 at 12-15.[2] In addition to the reasons set forth in the Musk Defendants' motions to stay, Twitter believes the Court should, at a minimum, stay discovery pending a decision on the Defendants' motions to dismiss for the following reasons:

*First*, Defendants have challenged Plaintiff's standing, which implicates subject matter jurisdiction, and Plaintiff's choice of forum. Discovery should not proceed until the Court decides these threshold jurisdictional and forum issues. *See Sladek v. City of Colorado Springs*, 2013 WL 5526582, at *2 (D. Colo. Oct. 7, 2013) ("Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved."); *Kellman v. Spokeo, Inc.*, 2022 WL 1157500, at *2 n. 1 (N.D. Cal. Apr. 19, 2022) (court ordered that discovery responses would not be due until after motions to dismiss based on lack of standing were decided); *Soto v. Castlerock Farm. & Transp., Inc.*, 282 F.R.D. 492, 503 (E.D. Cal. 2012) (denying discovery because plaintiff lacked standing); *Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (staying discovery prior to decision on motion to transfer based on a forum selection provision).

*Second*, Plaintiff has impermissibly attempted to circumvent the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), by bringing certain claims in this action that the Musk Defendants have argued are barred by the

---

[1] The Musk Defendants filed separate motions to stay discovery in connection with their respective motions to dismiss. *See* Dkt. 38; Dkt. 39. The motion to stay discovery filed by Musk only joins the motion to stay discovery filed by X Holdings I, Inc. and X Holdings II, Inc. and does not present separate argument. *See* Dkt. 38 at 13.

[2] This case has been referred to Magistrate Judge Kim for "all discovery purposes." Dkt. 28. Judge Kim's standing order requires that parties present discovery disputes through a joint letter. To the extent the Musk Defendants' motions to stay discovery are covered by the Court's referral order, Twitter is prepared to submit a joint letter with Plaintiff and the Musk Defendants according to the procedure outlined in Judge Kim's standing order.

Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1). *See* Dkt. 38 at 13-15. "SLUSA's purpose is to prevent plaintiffs from circumventing the PSLRA discovery stay." *Salameh v. Tarsadia Hotels*, 2012 WL 12941995, at *2 (S.D. Cal. July 2, 2012); *see also In re DOT Hill Sys. Sec. Litig.*, 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008) ("circumvention of the stay of discovery of the [PSLRA] is a key abuse that [SLUSA] is designed to prevent"). If Plaintiff were allowed to proceed with discovery for claims barred by SLUSA while a motion to dismiss based on SLUSA is pending, it would undermine SLUSA's purpose.

*Third*, Plaintiff should not be permitted to seek discovery if, as the Musk Defendants contend, Plaintiff's claims are derivative in nature. *See* Dkt. 38 at 6-9, 15. Plaintiff cannot pursue derivative claims belonging to Twitter, or any related discovery, until he satisfies Rule 23.1. *In re Openwave Sys. Inc. S'holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1353 (N.D. Cal. 2007) (granting motion to stay discovery until "plaintiffs are able to meet the requirements of Rule 23.1").

Accordingly, the Court should stay discovery in this action pending resolution of the Twitter Delaware Action and the Stockholder Delaware Action, or alternatively, pending a decision on Defendants' motions to dismiss.[3]

---

[3] The Musk Defendants also ask that the Court stay discovery pending an action against Musk in the Southern District of New York. Twitter is not a party to that action and joins in the Musk Defendants' motions to stay discovery only to the extent the motions request a stay of discovery pending final resolution of the Twitter Delaware Action and the Delaware Stockholder Action, or alternatively, pending a decision on Defendants' motions to dismiss. Additionally, this joinder is limited to the relief sought in the Musk Defendants' stay motions and the applicable legal grounds for such a stay. It is not a joinder in any characterization or statement related to the underlying facts or transactions or their substantive merits of any legal or equitable claim.

Dated: September 16, 2022

SHEARMAN & STERLING LLP

By: */s/ Adam S. Hakki*
     Adam S. Hakki

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Email: Daniel.Laguardia@shearman.com

Adam S. Hakki (admitted pro hac vice)
Paula H. Anderson (admitted pro hac vice)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Email: Adam.Hakki@shearman.com
       Paula.Anderson@shearman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 16th day of September 2022.

By: /s/ *Daniel H.R. Laguardia*
        Daniel H.R. Laguardia