IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HERESNIAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELON MUSK, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-03074-CRB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Plaintiff William Heresniak ("Heresniak") brings this action on behalf of himself and a proposed class of "all stockholders of Twitter," against Elon Musk, Twitter, Inc., X Holdings I, Inc., and X Holdings II, Inc. (together, "Defendants") for alleged violations of Delaware law during and as a result of Musk's ultimately successful buyout of Twitter. See First Am. Compl. (dkt. 7). In October, the parties stipulated to a stay of this action during the pendency of the Delaware action, Twitter, Inc. v. Musk et al., No. 2022-0613 (Del. Ch.), which culminated in Musk closing the merger, mooting much of the relief sought by Heresniak in his initial complaints. See dkt. 52. The parties then stipulated that, if they could not agree to the filing of a second amended complaint, Heresniak would file a motion for leave to file his second amended complaint. See dkt. 54. That motion is now fully briefed before the Court. See Mot. (dkt. 56); Opp'n (dkt. 60); Reply (dkt. 61).

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendment "should be applied with extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks omitted). A court has discretion to deny leave to amend due to "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant,

[3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "The crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party." Jordan v. Los Angeles County, 669 F.2d 1311, 1324 (9th Cir.), cert. granted, judgment vacated sub nom. County of Los Angeles v. Jordan, 459 U.S. 810 (1982). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Ordinarily, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." G.P. Muggie & Sons, LLC v. Hammon Plating Corp., No. 16-CV-05908-LHK, 2017 WL 5451755, at *3 (N.D. Cal. Nov. 14, 2017) (quoting Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants do not argue that Heresniak has unduly delayed, that they would suffer prejudice, or that Heresniak's pleading is in bad faith; they argue only that amendment would be futile, because the proposed second amended complaint would be subject to dismissal. See Opp'n at 3. Particularly where, as here, the Court has not considered the merits of any complaint filed in this action, the Court declines Defendants' invitation to first pass upon those questions by deciding leave to amend on futility grounds alone.

Heresniak's motion for leave to file his second amended complaint is thus **GRANTED**. Defendants may make any arguments for dismissal in a future motion.

**IT IS SO ORDERED.**

Dated: January 31, 2023

CHARLES R. BREYER
United States District Judge