1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*pro hac vice* forthcoming)
2  alexspiro@quinnemanuel.com
   51 Madison Ave 22nd floor
3  New York, NY 10010
   Telephone:    (212) 849-7000
4  Facsimile:    (212) 849-7100

5  Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
6  Joseph C. Sarles (Bar No. 254750)
   josephsarles@quinnemanuel.com
7  Alex Bergjans (Bar No. 302830)
   alexbergjans@quinnemanuel.com
8  Aubrey L. Jones (Bar No. 326793)
   aubreyjones@quinnemanuel.com
9  865 S. Figueroa Street, 10th Floor
   Los Angeles, California 90017
10 Telephone:    (213) 443-3000
   Facsimile:    (213) 443-3100

11

12 *Attorneys for Defendants Elon Musk, X Holdings I, Inc., X Holdings II, Inc., and Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HERESNIAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK, X HOLDINGS I, INC., X HOLDINGS II, INC., and TWITTER, INC.,<br><br>Defendants. | CASE NO. 3:22-CV-03074-CRB-SK<br><br>**DEFENDANT ELON MUSK, X HOLDINGS I, INC., AND X HOLDINGS II INC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6, 17th Floor<br><br>Hearing Date: May 12, 2023<br>Time:         10 a.m. |

**REQUEST FOR JUDICIAL NOTICE**

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Evidence 201, Defendants Elon Musk, X Holdings I, Inc., X Holdings II, Inc., and Twitter, Inc. (herein, "**Defendants**") respectfully request that the Court take judicial notice of the following documents for purposes of ruling on Elon Musk's Motion to Dismiss the Second Amended Complaint and X Holdings I, Inc., X Holdings II, Inc. and Twitter, Inc.'s Motion to Dismiss the Second Amended Complaint (collectively, the "**Motions to Dismiss**"), filed concurrently herewith:

1. Twitter Inc.'s May 17, 2022 Schedule 14A Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934, which is available online at https://www.sec.gov/Archives/edgar/data/1418091/000119312522152250/d283119dprem14a.htm and is attached to the Declaration of Michael T. Lifrak ("**Lifrak Declaration**"), filed concurrently herewith, as **Exhibit 1**.

2. The cover page and page 10 of Twitter, Inc.'s April 12, 2022 Schedule 14A Proxy Statement Pursuant to Section 14(a) of the Securities and Exchange Act of 1934, which is available online at https://www.sec.gov/Archives/edgar/data/1418091/000114036122014049/ny20001921x3_def14a.htm#tBOD and is attached to the Lifrak Declaration as **Exhibit 2**. Defendants only ask the Court to take judicial notice of the identities of the members of Twitter's Board of Directors listed on page 10 of **Exhibit 2**.

3. The Amended and Restated Bylaws of Twitter, Inc. (as amended on February 14, 2022), (the "**Twitter Bylaws**") which is available online at https://www.sec.gov/Archives/edgar/data/1418091/000141809122000029/twtr2021ex32.htm and which is attached to the Lifrak Declaration as **Exhibit 3**.

4. The Agreement and Plan of Merger by and among X Holdings I, Inc., X Holdings II, Inc., and Twitter, Inc., dated as of April 25, 2022 (the "**Merger Agreement**"), filed with the Securities and Exchange Commission, which is attached to the Lifrak Declaration as **Exhibit 4**

1  and available online at

2  https://www.sec.gov/Archives/edgar/data/1418091/000119312522120474/d310843ddefa14a.htm

**MEMORANDUM OF POINTS AND AUTHORITIES**

The documents listed above are properly the subject of judicial notice and the Court should consider them when ruling on the Defendants' Motions to Dismiss.

**LEGAL STANDARD**

The Supreme Court has directed that when ruling on a 12(b)(6) motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In ruling on a motion to dismiss, a court may take judicial notice of a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotation marks and citations omitted). The doctrine aims to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alteration in original) (internal quotation marks omitted).

Company bylaws and public filings with the SEC are also the proper subject of judicial notice. *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) ("Courts routinely consider a company's certificate of incorporation and bylaws in assessing a motion to dismiss a derivative suit."); *Lee v. Fisher*, No. 20-CV-06163-SK, 2021 WL 1659842, at *1 (N.D. Cal. Apr. 27, 2021), *aff'd*, 34 F.4th 777 (9th Cir. 2022); *In re Computer Scis.*

*Corp. Derivative Litig.*, No. CV 06-05288 MRP (EX), 2007 WL 9734602, at *5 (C.D. Cal. Aug. 9, 2007). Corporate bylaws are also properly subject to judicial notice where a defendant moves to dismiss an action based on a forum selection clause contained therein. *Facebook*, 367 F. Supp. 3d at 1118; *Lee*, 2021 WL 1659842, at *1. A court can also take judicial notice of the identities of a board of directors, *Buhendwa v. Reg'l Transportation Dist.*, 82 F. Supp. 3d 1259, 1262 (D. Colo. 2015) (taking judicial notice of the identities of a board of directors).

## ARGUMENT

### I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Defendants seek judicial notice of the following documents: Twitter's May 17, 2022 Proxy Statement (Ex. 1, "**May 17 Proxy**"), Page 10 of Twitter's April 12, 2022 Proxy Statement (Ex. 2, "**April 12 Proxy**"), Twitter's Bylaws (Ex. 3), and the Merger Agreement (Ex. 4).

Exhibits 1 and 2, the May 17 Proxy and page 10 of the April 12 Proxy (which identifies the members of Twitter's Board of Directors during the relevant time period), and the Merger Agreement are incorporated by reference in the Second Amended Complaint ("SAC"). *See Coto Settlement*, 593 F.3d at 1038; Exs. 1-2.

Moreover, all of the Exhibits are properly subject to judicial notice under Rule 201(b) of the Federal Rules of Evidence. Exhibits 1-4 are documents publicly filed with the SEC and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Twitter's Bylaws and the Merger Agreement, Exhibit 3-4, are also independently subject to judicial notice as containing a forum-selection clause that Defendants contend govern this case. *Facebook*, 367 F. Supp. 3d at 1118. The identity of Twitter's directors, Exhibit 2, is subject to judicial notice, *see Buhendwa*, 82 F. Supp. 3d at 1262.

### A. The Proxy Statements And Merger Agreement Are Incorporated By Reference

Exhibits 1, 2 and 4 are properly considered on a motion to dismiss because they are incorporated by reference in the SAC.

Beyond dispute, the Merger Agreement is central to the SAC—the First Cause of Action alleges misconduct under the Merger Agreement (SAC ¶¶ 195-202), the Second Cause of Action

seeks declarative relief under the Merger Agreement (*id.* ¶¶ 203-205) and the Third Cause of Action seeks restitution because of a delay in closing under the Merger Agreement (*id.* ¶¶ 206-209). The SAC also extensively cites to and quotes from the Merger Agreement. (*id.* ¶¶ 29-30, 42, 103, 169, 172-173, 189, and 178; Ex. A, B). The SAC likewise extensively cites to and quotes from the May 17 Proxy and bases its claims upon their contents. (*id.* SAC ¶¶ 51, 55, 58, 62, 100, 107, 122, 144, 145, and 178). For instance, the SAC alleges that director Dorsey violated his fiduciary duties based on a statement in the May 17 Proxy disclosing that he discussed with Mr. Musk the possibility of retaining an equity investment post-merger in lieu of receiving merger consideration. (*Id.* ¶ 100.) Because these documents are expressly referenced, quoted, and sought to be enforced in the SAC, they are properly considered under the incorporation by reference doctrine and the Court should take judicial notice of their contents. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (judicially noticing the full text of a document, including portions not mentioned in the complaint).

A court may also take judicial notice of a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto*, 593 F.3d at 1038 (judicially noticing a billing agreement where the complaint necessarily relied upon its terms). This rule exists "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based . . . .'" *Swartz*, 476 F.3d at 763 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). The number and identities of Twitter's directors contained in the April 12 Proxy (Ex. 2) fall under this rule. Here, the SAC alleges that Mr. Musk aided and abetted breaches of fiduciary duty by Twitter's directors. To plead his claim, he must allege that a majority of the Board was interested or dominated by interested directors. *Malpiede v. Townson*, 780 A.2d 1075, 1098 (Del. 2001) (dismissing aiding and abetting claim for failing to allege majority of the board was interested). Assessing this claim necessarily requires Plaintiff and the Court to identify the number of directors on Twitter's Board—which the April 12 Proxy does. (Ex. 2); *see In re BofI Holding, Inc. S'holder Litig.*, 382 F. Supp. 3d 992, 1001 (S.D. Cal. 2019), *aff'd in part, rev'd in part on other grounds and remanded by* 848 F. App'x 234 (9th

1  Cir. 2021) (taking judicial notice of board of director's appointment where relevant to determining
2  whether plaintiff pleaded demand utility).

3      **B.**    **The Proxy Statements, Twitter Bylaws, And Merger Agreement Are Subject To Judicial Notice Under The Evidence Code**

4

5  All of the Exhibits are also properly judicially noticeable. The Proxy Statements and
6  Twitter's Bylaws and Merger Agreement (Exs.1-4) are all publicly filed with the SEC. *See In re*
7  *Computer Scis.* 2007 WL 9734602, at *5 n.8.

8  Additionally, Twitter's Bylaws (Ex. 3) are judicially noticeable as publicly available
9  corporate bylaws and because they contain a forum-selection clause that Defendants seek to
10 enforce through their motions to dismiss for forum non conveniens, as does the Merger Agreement
11 (Ex. 4). *See Facebook*, 367 F. Supp. 3d at 1118; *Lee*, 2021 WL 1659842, at *1 (judicially noticing
12 corporate bylaws in motion to dismiss for violating forum-selection clause).

13 The number and identities of Twitter's Board contained in the April 12 Proxy (Ex. 2) are
14 also subject to judicial notice because they are "not subject to reasonable dispute" and "can be
15 accurately and readily determined from sources whose accuracy cannot reasonably be questioned."
16 Fed. R. Evid. Rule 201(b) & (b)(2); *see Buhendwa*, 82 F. Supp. 3d at 1262 (taking judicial notice
17 of the identities of a board of directors).

18

19                         **CONCLUSION**

20 For the reasons stated herein, Defendants respectfully request that the Court take judicial
21 notice of Exhibits 1-4 attached to the Declaration of Michael T. Lifrak.

1  DATED: March 3, 2023                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP

                                           By  /s/ Michael T. Lifrak
                                              Alex Spiro
                                              Michael T. Lifrak
                                              Joseph C. Sarles
                                              Alex Bergjans
                                              Aubrey L. Jones

                                              *Attorneys for Defendants Elon Musk, X Holdings I, Inc., X Holdings II, Inc., and Twitter, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 3rd day of March 2023.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By  */s/ Michael T. Lifrak*
> Alex Spiro
> Michael T. Lifrak
> Joseph C. Sarles
> Alex Bergjans
> Aubrey L. Jones
>
> *Attorneys for Defendants Elon Musk, X Holdings I, Inc., X Holdings II, Inc., and Twitter, Inc.*

**ATTESTATION**

I, Alex Bergjans, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(h)(3), I hereby attest that Michael T. Lifrak has concurred in the filing of the above document.

                                                                */s/ Alex Bergjans*

                                                                Alex Bergjans